Grant D. Waterkotte, Esq., SBN 215007
Matthew C. Smith, Esq., SBN 208650
**PETTIT KOHN INGRASSIA & LUTZ PC**
9841 Airport Boulevard, Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: gwaterkotte@pettitkohn.com
           msmith@pettitkohn.com

Attorneys for Defendants
**TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; and NORTH AMERICAN VAN LINES, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY J. HYMES,<br><br>Plaintiff,<br><br>v.<br><br>TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN, KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES,INC.; DAN DAUBE, individually and dba DAN THE FURNITURE REPAIR MAN AND dba MICHAELS RESTORATIONS; DOES 1-25, inclusive,<br><br>Defendants. | CASE NO. 8:17-cv-463-DOC (DFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(B)(6)]**<br><br>**DATE:** May 1, 2017<br>**TIME:** 8:30 a.m.<br><br>Courtroom:     9D<br>District Judge: David O. Carter<br>Magistrate Judge: Douglas F. McCormick<br>Complaint Filed: January 27, 2017<br>Trial Date: |

# TABLE OF CONTENTS

**Page**

I.   RELEVANT FACTS ...................................................................................... 1

II.  LEGAL STANDARD ................................................................................... 2

III. DISCUSSION ............................................................................................... 3

    A.  All of the claims asserted against the Moving Defendants are preempted by the Carmack Amendment. ............................................... 3

    B.  Plaintiff's First Cause of Action Fails to State a claim upon which relief can be granted ........................................................................... 5

    C.  Plaintiff's Second Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted ............................................................... 6

    D.  Plaintiff's Third Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted ............................................................... 7

    E.  Plaintiff's Fourth Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted ............................................................... 8

    F.  Plaintiff's Sixth Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted ............................................................... 9

    G.  Plaintiff's Seventh Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted ............................................................... 9

    H.  Plaintiff's Eighth Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted ............................................................. 10

IV.  CONCLUSION ........................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**State Cases**

*ABC Internat. Traders, Inc. v. Matsushita Electric Corp.*
  14 Cal.4th 1247 (1997) ..........................................................................................8, 9

*Maggio, Inc. v. Neal*
  (1987) 196 Cal.App.3d 745 .......................................................................................6

*Zinn v. Fred R. Bright Co.*
  (1969) 271 Cal.App.2d 597 .......................................................................................6

**Federal Cases**

*Adams Express Co. v. Croninger*
  226 U.S. 491 (1913) ...................................................................................................3

*Allstate Ins. Co. v. Mayflower Transit, LLC*
  2009 U.S. Dist. LEXIS 31576, at 7 ............................................................................4

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*
  459 U.S. 519 (1983) ...................................................................................................2

*Balisteri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1990) ......................................................................................2

*Cahill v. Liberty Mut. Ins. Co.*
  80 F.3d 336 (9th Cir. 1996) ........................................................................................2

*Charleston & Western Carolina Railway Co. v. Varnville Furniture Co.*
  237 U.S. 597 (1915) ...................................................................................................3

*Hall v. North American Van Lines*
  476 F.3d 683 (9th Cir. 2007) ......................................................................................4

*Hughes Aircraft v. North American Van Lines*
  970 F.2d 609 (9th Cir. 1992) ......................................................................................4

*In re Gilead Sciences Securities Litig.*
  536 F.3d 1049 (9th Cir. 2008) ....................................................................................2

*In re GlenFed, Inc. Sec. Litig.*
  42 F.3d 1541 (9th Cir. 1994) (en banc) ..................................................................7, 8

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
  416 F.3d 940 (9th Cir. 2005) ......................................................................................2

*Louisville & Nashville Ry. Co. v. Rice*
  247 U.S. 201 (1918) ...................................................................................................3

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ......................................................................................2

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*
  460 U.S. 533 (1983) ...................................................................................................3

*United States ex rel. Chunie v. Ringrose*
  788 F.2d 638, n.2 (9th Cir. 1986) ...............................................................................2

*White v. Mayflower Transit, LLC*
  481 F.Supp.2d 1105 (C.D.Cal. 2007) ....................................................................... 4

**Statutes**

49 CFR § 375 ................................................................................................................. 8
49 U.S.C. § 14706 ......................................................................................................... 3

**Rules**

FRCP, Rule 12(b)(6) ......................................................................................... 1, 2, 5, 10
FRCP, Rule 9(b)(c) ....................................................................................................... 8
FRCP, Rule 9(c) ........................................................................................................... 7

**Other Authorities**

Business & Professions Code § 17200 et seq. .............................................................. 8

Defendants TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; and NORTH AMERICAN VAN LINES, INC. ("the Moving Defendants") submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint filed by Plaintiff SIDNEY J. HYMES. Plaintiff's allegations fail to state a claim for relief under Federal Rules of Civil Procedure, Rule 12(b)(6).

## I.

## RELEVANT FACTS

On or about January 3, 2016, Plaintiff Sidney J. Hymes engaged the Moving Defendants to move his personal property from Wichita, Kansas to Huntington Beach, CA.

Plaintiff alleges that certain items of his personal property were damaged by the Moving Defendants during the shipment. The Complaint asserts seven causes of action against the Moving Defendants:

- First cause of action - account stated;
- Second cause of action - breach of contract, conversion, fraud in the inducement;
- Third cause of action - breach of contract, misrepresentation of material facts, fraud in the inducement, unfair business practices, obtainment of fund under false pretenses;
- Fourth cause of action – violations of statutory and regulatory requirements;
- Sixth cause of action – bad faith by guarantor, unfair business practices;
- Seventh cause of action – breach of contract; and
- Eighth cause of action - damage to personal property.

///

Plaintiff also asserts a separate claim against Defendant Dan Daube for "interference with contractual relationship" – the fifth cause of action alleged in Plaintiff's Complaint. Defendant Dan Daube is not one of the Moving Defendants and the Fifth Cause of Action is not at issue in this motion.

## II.

## **LEGAL STANDARD**

A 12(b)(6) motion is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In addressing a motion for dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n.2 (9th Cir. 1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

///

///

# III.

# DISCUSSION

## A. All of the claims asserted against the Moving Defendants are preempted by the Carmack Amendment.

The Carmack Amendment, now set forth at 49 U.S.C. Section 14706, was first enacted by Congress in 1906. The amendment was a direct response to the chaotic disparity which resulted from the application of varying state laws to interstate shipping. The Carmack Amendment's purpose was to define the complete parameters of liability for loss and damage to goods transported through interstate commerce and to bring uniform treatment to the interstate system of shipping goods. Within a few years of the Carmack Amendment's passage, the United States Supreme Court addressed the amendment's dual purpose of uniformity and preemptive scope. In the seminal case of *Adams Express Co. v. Croninger,* 226 U.S. 491 (1913), the Supreme Court defined Carmack preemption in the broadest terms:

> Almost every detail of the subject [of interstate common carriers' liability] is covered so completely that there can be no rational doubt but that congress intended to take possession of the subject, and supersede all state regulations with reference to it.

*Id.* at 505-06.

Each succeeding decision interpreting the scope of the Carmack Amendment has repeated and expanded upon the principles enunciated in *Adams*, namely the amendment's comprehensive application and the goal in creating uniformity regardless of state laws. *See, e.g., Charleston & Western Carolina Railway Co. v. Varnville Furniture Co.,* 237 U.S. 597, 603 (1915) (state law claims are preempted if they "in any way enlarge the responsibility of the carrier for loss or at all affect the ground of recovery, or the measure of recovery"); *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 535 (1983) (quoting *Louisville & Nashville Ry. Co. v. Rice,* 247 U.S. 201, 203 (1918) ("As to interstate shipments,…the parties are

held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation")).

The Ninth Circuit has followed the binding precedent set forth above and held that the Carmack Amendment's broad scope completely preempts all state law claims. See, *Hughes Aircraft v. North American Van Lines,* 970 F.2d 609, 613 (9th Cir. 1992) ("[Plaintiff] wisely concede[d] that federal law preempts any state common law action against … a common carrier").

The wide-sweeping scope of the Carmack Amendment was confirmed in *Hall v. North American Van Lines,* 476 F.3d 683 (9th Cir. 2007). In *Hall,* the plaintiff alleged that the interstate carrier refused to deliver the goods identified in the bill of lading. *Id.* at 685-86. The plaintiff filed suit and asserted multiple state law causes of action against the carrier, including claims for breach of contract, fraud and conversion. *Id.* at 686. In expanding a prior decision, the court held:

> Our holding in *Hughes* applies to [plaintiff's] common law fraud and conversion claims, even though [plaintiff's] claims arise from events other than loss or damage to her property. **It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms. It applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery.**
>
> *Id.* at 689-90 (emphasis added) (internal citations omitted).

It is against this vast legal framework that Plaintiff's Complaint must be viewed. Given the overwhelming weight of authority, it is clear that <u>all</u> of Plaintiff's claims are preempted by the Carmack Amendment.[1]

---

[1] The Central District of California has had the opportunity on multiple occasions to undertake a thorough analysis of the Carmack Amendment and has repeatedly found that state law claims are expressly preempted. *See, e.g., White v. Mayflower Transit, LLC,* 481 F.Supp.2d 1105, 1109 (C.D.Cal. 2007) (Carmack Amendment preempted the plaintiff's various state law claims, even claims that arose from events not directly related to loss or damage to the property at issue); *Allstate Ins. Co. v. Mayflower Transit, LLC,* 2009 U.S. Dist. LEXIS 31576, at 7 (Carmack Amendment preempts fraud and conversion claims).

In the present matter, as in *Hall*, there can be no doubt that the Carmack Amendment's application to "all manner of harms" preempts all of Plaintiff's claims. The facts alleged in the Complaint confirm the applicability of the Carmack Amendment: (1) The Moving Defendants transported Plaintiff's personal property interstate pursuant to a Bill of Lading [Complaint, ¶ 1; Exhibit "A" to Complaint]; (2) Plaintiff alleges that his personal property was damaged as a result of the Moving Defendants' shipment to California [Complaint, ¶¶ 58-61]; and (3) the value of Plaintiff's property exceeds $10,000 [Complaint, ¶ 61]. As in *Hall,* all of Plaintiff's claims clearly *stem from and arise* out of the interstate shipment of his property and Plaintiff is clearly seeking recovery for damages allegedly sustained incident to the interstate shipment of his property.

Plaintiff's Complaint cannot escape the broad preemptive scope of the Carmack Amendment and the motion to dismiss should be granted.

### B. Plaintiff's First Cause of Action Fails to State a claim upon which relief can be granted

Plaintiff's Complaint asserts a common count claim for "Account Stated" based on the August 29, 2016 demand letter that Plaintiff sent to Defendant Todd King. [Exhibit "B" to Plaintiff's Complaint]  With the letter, Plaintiff demanded compensation for four items of his personal property that were allegedly damaged during the interstate shipment.

As noted above, the claim "stated" in the August 29, 2016 demand letter is plainly within the Carmack Amendment. In addition, the claim also fails under Rule 12(b)(6) because a demand letter is not an "account stated" such as can form the basis for a common count.

"The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the

amount due." *Zinn v. Fred R. Bright Co.* (1969) 271 Cal.App.2d 597, 600 (internal citations omitted). "To be an account stated, 'it must appear that at the time of the statement an indebtedness from one party to the other existed, that a balance was then struck and agreed to be the correct sum owing from the debtor to the creditor, and that the debtor expressly or impliedly promised to pay to the creditor the amount thus determined to be owing.'…The key element in every context is agreement on the final balance due." *Maggio, Inc. v. Neal* (1987) 196 Cal.App.3d 745, 752–753 (internal citations omitted).

Plaintiff's Complaint does not allege that the parties agreed on a balance due, or any of the other essential elements of an account stated claim. Rather, the Complaint simply alleges that Plaintiff made a demand for payment. That is not a viable cause of action. The motion to dismiss should be granted as to the First Cause of Action.

### C. Plaintiff's Second Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff's Second Cause of Action purports to allege a claim for "breach of contract, conversion, and fraud in the inducement." [Complaint, ¶¶ 14-18] The allegations set forth in the Second Cause of Action arise out of the interstate shipment of Plaintiff's property and are therefore preempted by the Carmack Amendment, as noted above.

In addition, the facts alleged do not state a viable claim for breach of contract, conversion, or fraud. Plaintiff's decision to combine three separate legal claims within one cause of action is confusing, but the facts alleged by Plaintiff do not include the essential elements of any one of the claims asserted.

Finally, the Second Cause of Action also fails to comply with Rule 9 of the FRCP.

> To allege fraud with particularity, a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or

misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which *constitute* the fraud.

*In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

The same pleading standard applies Plaintiff's breach of contract claim, which includes the assertion that a condition precedent has not been met. See, FRCP, Rule 9(c); Complaint, page 5, lines 4-5.

Plaintiff's vague, conclusory, and comingled allegations fail to meet Rule 9's particularity requirements. For all of the foregoing reasons, the motion to dismiss should be granted as to the Second Cause of Action.

### D. Plaintiff's Third Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff's Third Cause of Action purports to allege a claim for "breach of contract, misrepresentation of material facts, fraud in the inducement, unfair business practices, obtainment of funds under false pretenses." [Complaint, ¶¶ 19-29] Once again, the jumbled allegations set forth in the Third Cause of Action arise out of the interstate shipment of Plaintiff's property and are therefore preempted by the Carmack Amendment.

In addition, the facts alleged do not state a viable claim for relief under any of the legal theories identified in Plaintiff's Complaint. The Complaint does not allege the essential elements of a breach of contract claim. The Complaint does not allege the essential elements of a fraud claim (whether framed as "fraud in the inducement" or "obtaining funds under false pretenses"). The Complaint does not

///

allege the essential elements of an unfair business practices claim, or identify the legal basis for such a claim.

To the extent that Plaintiff intended to assert a claim under California Business & Professions Code § 17200 et seq., the available remedies would be limited to injunctive relief and restitution, not damages as sought in the Complaint. See, e.g., *ABC Internat. Traders, Inc. v. Matsushita Electric Corp.*, 14 Cal.4th 1247, 1268 (1997).

In addition, the Complaint again fails to comply with Rule 9 of the FRCP. See, FRCP, Rule 9(b), (c); *In re GlenFed, Inc. Sec. Litig., supra*, at 1548. Accordingly, the motion to dismiss should be granted as to Plaintiff's Third Cause of Action.

### E.   Plaintiff's Fourth Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted

With his Fourth Cause of Action, Plaintiff broadly asserts that the Moving Defendants failed to meet unspecified "statutory and regulatory obligations" set forth somewhere within Title 49 of the U.S. Code and 49 CFR §375. Title 49 is over 1,200 pages long; 49 CFR §375 is 42 pages long. Combined, these volumes contain hundreds of "statutory and regulatory obligations." There is no indication in the Complaint as to what specific statute or regulation Defendants are alleged to have violated. Plaintiff's Fourth Cause of Action essentially alleges that Defendant broke a law without saying what law or how it was allegedly violated. This vague assertion does not meet even the liberal pleading requirements of Rule 8.

///
///
///
///
///
///

### F. Plaintiff's Sixth Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted[2]

With his Sixth Cause of Action, Plaintiff alleges that Defendants King and NAVL promised Plaintiff a "guaranteed prevention against loss." [Complaint, ¶ 46] Essentially, Plaintiff alleges that he was promised a remedy that is different than what was set forth in the bill of lading. The law is clear that such a claim is preempted by the Carmack Amendment.

In addition, Plaintiff's Complaint fails to allege the essential elements of either a claim for Bad Faith or Unfair Business Practices. And, as noted above, Plaintiff cannot recover damages under an Unfair Business Practices claim. See, e.g., *ABC Internat. Traders, supra*, 14 Cal.4th at 1268. Accordingly, the motion to dismiss should be granted as to Plaintiff's Sixth Cause of Action.

### G. Plaintiff's Seventh Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted

With his Seventh Cause of Action, Plaintiff takes issue with the way that the Moving Defendants packed Plaintiff's property, what boxes and packing materials were used, and the amounts Plaintiff was charged for the boxes and packing materials. [Complaint, ¶¶ 52-56] Essentially, Plaintiff alleges that Defendant King agreed to perform obligations that were different than those set forth in the bill of lading. The law is clear that such a claim is preempted by the Carmack Amendment.

In addition, the Complaint fails to allege the essential elements of a breach of contract claim and should therefore be dismissed.

///

---

[2] Plaintiff's Fifth Cause of Action is alleged exclusively against Defendant Dan Daube. Since it does not allege any claims against the Moving Defendants, it is not explicitly discussed within this motion to dismiss. However, to the extent that Plaintiff attempts to argue that the Fifth Cause of Action is somehow intended to apply to the Moving Defendants, the Carmack Amendment would still apply. See Section III(A), above.

### H. Plaintiff's Eighth Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted

With his Eighth Cause of Action, Plaintiff alleges that the Moving Defendants "promised to and undertook to deliver Plaintiff's personal property in the same condition as it was at the initiation of the transaction." [Complaint, ¶ 58] Plaintiff further alleges that "Defendants are strictly liable for the damages caused to Plaintiff's personal property…" [Complaint, ¶ 61]

Plaintiff does not identify any legal authority to support this assertion of the basis for a legal duty as to each of the Moving Defendants. Plaintiff's Eighth Cause of Action amounts to a factual assertion that his property has suffered damage. That assertion is not sufficient to support a legally-cognizable claim against the Moving Defendants.

## IV.
## CONCLUSION

As discussed above, Plaintiff's Complaint, and each cause of action asserted therein, should be dismissed as to the Moving Defendants under FRCP Rule 12(b)(6).

**PETTIT KOHN INGRASSIA & LUTZ PC**

Dated: March 22, 2017     By:    s/ Matthew C. Smith
                                 Grant D. Waterkotte, Esq.
                                 Matthew C. Smith, Esq.
                                 gwaterkotte@pettitkohn.com
                                 msmith@pettitkohn.com
                                 Attorneys for Defendants
                                 **TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; and NORTH AMERICAN VAN LINES, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(B)(6)]**

was served on this date to counsel of record:

[X] **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ] **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Sidney J. Hymes
16531 Torjian Lane
Huntington Beach, CA  92647
Tel:   (314) 725-7885
**In Pro Per**

Executed on March 22, 2017, at San Diego, California.

*/s/ Sandra K. Lemoine*
Sandra K. Lemoine