UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0463-DOC (DFMx)                    Date: May 5, 2017

Title: SIDNEY J. HYMES V. TOD W. KING ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO DISMISS [12]**

Before the Court is Defendants Tod W. King, d.b.a. King Moving and Storage, d.b.a. King's North American; King's Moving and Storage, Inc.; Allied Van Lines, Inc.; Covan World Wide Moving, Incorporated; and North American Van Lines, Inc.'s (collectively, the "Moving Defendants") Motion to Dismiss ("Motion") (Dkt. 12). The Court finds this matter suitable for resolution without oral argument. Fed. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court GRANTS the Moving Defendants' Motion.

**I.   Background**

**A.   Facts**

The following facts are drawn from Plaintiff Sydney J. Hymes's ("Plaintiff" or "Hymes") Complaint ("Compl.") (Dkt. 1 at 8–20).

On or about January 3, 2016, Plaintiff engaged Defendant Tod W. King, d.b.a. King's Moving and Storage, d.b.a. King's North American ("King") to move Plaintiff's personal property to Huntington Beach, California. Compl. ¶ 1.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0463-DOC (DFMx)　　　　　　　　　　　　　　　　　　　　Date: May 5, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

　　　　Plaintiff was never informed that anyone other than King or North American Van Lines would be performing any aspect of the move. *Id.* ¶ 20. King made express representations that his personnel were properly trained and fully qualified to pack, load, and move Plaintiff's items, some of which were unique. *Id.* ¶ 21. Instead, without Plaintiff's permission, King used third parties, including Defendant Covan World Wide Moving, Incorporated ("Covan"), to pack Plaintiff's belongings. *Id.* ¶ 22. The packers took days longer than scheduled, worked only partial days, and worked at varying staff levels. *Id.* Plaintiff was obligated to help with the packing and transportation of his belongings. *Id.* The packing was inadequate, leading to Plaintiff's property being damages during the move. *Id.*

　　　　During the packing process, a trailer bearing Defendant Allied Van Line Inc.'s name arrived and Plaintiff became aware that North American Van Lines would not be performing the move. *Id.* ¶ 23. The driver of the trailer had never heard of North American Van Lines. *Id.* The individuals who helped load the trailer were employed by either King or Covan. *Id.* ¶ 24.

　　　　As part of Plaintiff's contract with King, King promised to use Plaintiff's packing materials first, account for Plaintiff's packing materials, properly pack the items, and minimize the number of boxes used in order to save space and costs. *Id.* ¶ 53. However, many of the boxes that King charged Plaintiff for packing had in fact been packed by Plaintiff with Plaintiff's materials. *Id.* ¶ 26. Plaintiff also found that some of the boxes packed by Defendants contained other boxes, were empty, or contained "sloppily and unprofessionally" packed items. *Id.* Thus, Plaintiff alleges that he was overcharged for the packing of these boxes. *Id.* In addition, Plaintiff alleges that King misrepresented the applicable tariff, overcharged for weight and fuel, and "otherwise took actions resulting in excessive and illegal charges." *Id.* ¶ 27. Plaintiff also alleges that King charged Plaintiff for unspecified miscellaneous charges. *Id.* ¶ 55.

　　　　King also contracted with Plaintiff to provide a guarantee against loss not exceeding $225,000.00. *Id.* ¶ 37. Plaintiff paid $1,669.00 for this guarantee. *Id.* Plaintiff alleges that King overcharged for this guarantee. *Id.* ¶ 27.

　　　　King also promised, in writing, to purchase Plaintiff's lawnmower. *Id.* ¶ 15. Plaintiff alleges that the lawnmower was worth more than $1,400.00, and that he agreed to sell it to King for $600.00 credited toward the cost of Plaintiff's move. *Id.* The lawnmower was removed from Plaintiff's possession using a King vehicle. *Id.* Plaintiff alleges that King now owes Plaintiff $1,400.00 because "the condition precedent for the reduced amount [has] not been met." *Id.* ¶ 16. By this, Plaintiff is presumably referring to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0463-DOC (DFMx)                                      Date: May 5, 2017
                                                                                                                      Page 3

the fact that some of his belongs were damaged in the move. King has refused to either pay for the lawnmower or return it. *Id.*

About six weeks after Plaintiff's move, Plaintiff met with Defendant Dan Daube, d.b.a. Dan the Furniture Repair Man, d.b.a. Michaels Restoration ("Daube"). *Id.* ¶ 38. Daube inspected two items damaged in the move: an antique chair worth approximately $800.00, and a custom-built tool cart. *Id.* Daube repaired the chair on site. *Id.* Plaintiff alleges that the repair was done negligently, causing irreparable harm to the chair. *Id.* Afterward, Daube represented to Plaintiff and Plaintiff's guarantor that the harm done during the repair was actually preexisting damage. *Id.* ¶ 39. After meeting with Plaintiff, Daube also represented that two Japanese screens damaged by King's personnel had preexisting damage. *Id.* ¶ 40. Before being damaged during the move, the screens were worth $10,000.00. *Id.*

Daube had not seen any of Plaintiff's items before they arrived in California, and had no way of knowing what damage was preexisting. *Id.* ¶ 41. All of Daube's statements were false, and Plaintiff alleges that they were made with the intention of interfering with the guarantor's obligations to Plaintiff. *Id.* In addition, Plaintiff alleges that Daube received compensation from King and "the guarantor" for reducing the claims paid by "the insurer." *Id.*

### B.     Procedural History

Plaintiff filed suit in the Superior Court of California, County of Orange on January 18, 2017 (Dkt. 1 at 8). Defendant removed the case to federal court on March 15, 2017 (Dkt. 1).

Plaintiff brings eight claims, styled as (1) account stated; (2) breach of contract, conversion, and fraud in the inducement; (3) breach of contract, misrepresentation, fraud in the inducement, unfair business practices, and obtaining funds under false pretenses; (4) violation of statutory and regulatory requirements under "Title 49 of the US Code and 49 CFR § 375;" (5) interference with contractual relationship; (6) bad faith by guarantor, and unfair business practices; (7) breach of contract; and (8) damage to personal property.

All of the Defendants except Daube filed the instant Motion on March 22, 2017. Plaintiff opposed on April 7, 2017 (Dkt. 13), and the Moving Defendants replied on April 17, 2017 (Dkt. 15).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0463-DOC (DFMx)                                                   Date: May 5, 2017
                                                                                                                                   Page 4

## II.      Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0463-DOC (DFMx)                                                  Date: May 5, 2017
                                                                                                                          Page 5

### III. Discussion

#### A. Preemption

The Carmack Amendment is codified at 49 U.S.C. § 14706. This federal law "preempts any state common law action against [a defendant] acting solely as a common carrier. It is clear that the Carmack Amendment established a uniform national liability policy for interstate carriers." *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (citing *New York, New Haven & Hartford RR Co. v. Nothnagle*, 346 U.S. 128, 131 (1953); *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913)). The Supreme Court has held that under the Carmack Amendment, "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express Co.*, 226 U.S. at 505–06.

More recently, the Ninth Circuit clarified that the "holding in *Hughes* applies to [a plaintiff's] common law fraud and conversion claims, even though [the] claims arise from events other than loss or damage to [the plaintiff's] property. It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689–90 (9th Cir. 2007) (citing *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) (delay); *Georgia, F. & A. Ry. Co. v. Blish Milling*, 241 U.S. 190, 197 (1916) (mistaken delivery); *Adams Express*, 226 U.S. at 505–06 (loss)). For example, the Carmack Amendment "applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery." *Id.* (citing *Blish Milling*, 241 U.S. at 197 (conversion, or "trover"); *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir. 2002) (dismissing claims that carrier committed fraud by accepting shipments it "had no intention of fulfilling or attempting to deliver") (internal quotation marks omitted)).

Plaintiff argues that the Carmack Amendment does not apply to "activities and conduct prior to receipt of goods by a carrier." Opp'n at 3. Not so. The statute applies to "carriers providing transportation," and defines "transportation" as including

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 17-0463-DOC (DFMx) | Date: May 5, 2017 |
| | Page 6 |

> (B) services related to that movement, including *arranging for*, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, *packing*, unpacking, and interchange of passengers and property.

49 U.S.C. §§ 14706; 13102(23) (emphasis added). This language clearly contemplates actions taken before the shipment of goods, or even before the receipt of goods by the entity ultimately responsible for moving the goods. Accordingly, Plaintiff's argument that the Carmack Amendment does not apply to his packing-related claims is unavailing.

In addition, claims for fraud, improper billing/overcharging, and general negligence are barred by the Carmack Amendment. *White v. Mayflower*, 543 F.3d 581, 585 (9th Cir. 2008).

Plaintiff's conversion claim relates to the exchange of his lawnmower for a discount on King's moving services. As such, the Court finds that Plaintiff's "conversion claim[] aris[es] from a carrier's misrepresentations as to the conditions of delivery or failure to carry out the delivery." *Hall*, 476 F.3d at 689–90. Plaintiff's conversion claim is thus also preempted by the Carmack Amendment.

Because Plaintiff's state law claims against King; King's Moving and Storage, Inc.; Allied Van Lines, Inc.; Covan World Wide Moving, Incorporated; and North American Van Lines, Inc. are preempted by the Carmack Amendment, they are DISMISSED.

## IV. Disposition

For the reasons explained above, the Court GRANTS the Moving Defendants' Motion for Dismiss. All of Plaintiff's claims except Claim 5 are DISMISSED.

Plaintiff may file an amended complaint, if desired, **on or before May 30, 2017**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |