| | |
|---|---|
| 1 | Grant D. Waterkotte, Esq., SBN 215007 |
| | Matthew C. Smith, Esq., SBN 208650 |
| 2 | **PETTIT KOHN INGRASSIA & LUTZ PC** |
| | 9841 Airport Boulevard, Suite 1100 |
| 3 | Los Angeles, CA 90045 |
| | Telephone:  (310) 649-5772 |
| 4 | Facsimile:  (310) 649-5777 |
| | E-mail: gwaterkotte@pettitkohn.com |
| 5 |         msmith@pettitkohn.com |
| 6 | Attorneys for Defendants |
| 7 | **TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.** |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY J. HYMES, | CASE NO. 8:17-cv-463-DOC (DFMx) |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]** |
| TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN, KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; DAN DAUBE, individually and dba DAN THE FURNITURE REPAIR MAN AND dba MICHAELS RESTORATIONS; DOES 1-25, inclusive, | **DATE:** July 24, 2017 |
| | **TIME:** 8:30 a.m. |
| | Courtroom:    9D |
| | District Judge:  David O. Carter |
| | Magistrate Judge: Douglas F. McCormick |
| | Complaint Filed: January 27, 2017 |
| | Trial Date: |
| Defendants. | |

112-7009

1
2

# TABLE OF CONTENTS

**Page**

3   I.     RELEVANT FACTS ........................................................................................1

4   II.    LEGAL STANDARD ....................................................................................2

5   III.   DISCUSSION ................................................................................................3

6           A.     All of Plaintiff's non-Carmack claims should be dismissed (again) .....3

7           B.     The Court should dismiss the First Amended Complaint as to all
8                 Defendants, except NAVL..................................................................5

9           C.     Plaintiff's meritless RICO claim should be dismissed ..........................6

10  IV.   CONCLUSION ..............................................................................................9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Adams Express Co. v. Croninger*
 226 U.S. 491 (1913) ..................................................................................... 3

*All World Prof'l Travel Servs. v. Am. Airlines, Inc.*
 282 F. Supp. 2d 1161 (C.D. Cal. 2003) ....................................................... 7

*Allstate Ins. Co. v. Mayflower Transit, LLC*
 2009 U.S. Dist. LEXIS 31576, at 7 .............................................................. 5

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*
 459 U.S. 519 (1983) ..................................................................................... 2

*Atlantic & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.*
 750 F.2d 457 (5th Cir. 1985) ........................................................................ 6

*Balisteri v. Pacifica Police Dept.*
 901 F.2d 696 (9th Cir. 1990) ........................................................................ 2

*Cahill v. Liberty Mut. Ins. Co.*
 80 F.3d 336 (9th Cir. 1996) .......................................................................... 2

*Charleston & Western Carolina Railway Co. v. Varnville Furniture Co.*
 237 U.S. 597 (1915) ..................................................................................... 4

*Cleveland v. Beltman N. Am. Co.*
 30 F.3d 373 (2d Cir. 1994) ........................................................................... 7

*Fox v. Kachina Moving & Storage*
 1998 WL 760268 (N.D.Tex. 1998) .............................................................. 6

*Goren v. New Vision Intern, Inc.*
 156 F.3d 721 (7th Cir. 1998) ........................................................................ 7

*H.J. Inc. v. Northwestern Bell Telephone Co.*
 492 U.S. 229 (1989) ................................................................................. 7, 8

*Hall v. North American Van Lines*
 476 F.3d 683 (9th Cir. 2007) ........................................................................ 4

*Hughes Aircraft v. North American Van Lines*
 970 F.2d 609 (9th Cir. 1992) ........................................................................ 4

*In re Gilead Sciences Securities Litig.*
 536 F.3d 1049 (9th Cir. 2008) ...................................................................... 2

*Lake City Stevedores, Inc. v. East-West Shipping Agencies, Inc.*
 474 F.2d 1060 (5th Cir. 1973) ...................................................................... 6

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
 416 F.3d 940 (9th Cir. 2005) ........................................................................ 2

*Louisville & Nashville Ry. Co. v. Rice*
 247 U.S. 201 (1918) ..................................................................................... 4

*Lycan v. Walters*
 904 F. Supp. 884 (S.D. Ind. 1995) ............................................................... 8

1  *Midwest Grinding Co., Inc. v. Spitz*
   976 F.2d 1016 (7th Cir. 1992)..................................................................8

2  *Miller v. Gain Financial, Inc.*
   995 F.2d 706 (7th Cir. 1993).....................................................................8
3
   *Navarro v. Block*
4  250 F.3d 729 (9th Cir. 2001).....................................................................2

5  *Pietro Culotta Grapes v. Southern Pac. Transp. Co.*
   917 F. Supp. 713 (E.D. Cal. 1996).............................................................6
6
   *Prince v. United Van Lines*
   1997 WL 53121 (N.D.Tex. 1997)..............................................................6
7
   *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*
8  460 U.S. 533 (1983)..................................................................................4

9  *United States ex rel. Chunie v. Ringrose*
   788 F.2d 638, n.2 (9th Cir. 1986)..............................................................2
10
   W*erner v. Lawrence Transp. Sys., Inc.*
   52 F.Supp.2d 567 (E.D.N.C. 1998)...........................................................6
11
   *White v. Mayflower Transit, LLC*
12 481 F.Supp.2d 1105 (C.D.Cal. 2007) .......................................................5

13 *Williams Electronics Games, Inc. v. Barry*
   42 F. Supp.2d 785 (N.D. Ill. 1999) ...........................................................7

14 **Statutes**

15 18 U.S.C. § 1961(5)................................................................................6, 7

16 18 U.S.C. § 1962(c)................................................................................7, 8

17 49 U.S.C. § 13907......................................................................................6

   49 U.S.C. § 14706......................................................................................3
18
   **Rules**
19
   FRCP, Rule 12(b)(6)............................................................................1, 2, 9

Defendants TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC. ("the Moving Defendants") submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the First Amended Complaint filed by Plaintiff SIDNEY J. HYMES.  Plaintiff's allegations fail to state a claim for relief under Federal Rules of Civil Procedure, Rule 12(b)(6).

## I.

## RELEVANT FACTS

On or about January 3, 2016, Plaintiff Sidney J. Hymes engaged the Moving Defendants to move his personal property from Wichita, Kansas to Huntington Beach, CA.  In connection with the move, Plaintiff signed a written Estimate and Order for Service (a portion of which is attached as Exhibit "A" to Plaintiff's FAC) and a Bill of Lading (a portion of which is attached as Exhibit "B" to Plaintiff's FAC).  Plaintiff now alleges that certain items of his personal property were damaged by the Moving Defendants during the shipment.

Plaintiff initially filed a Complaint asserting eight causes of action against nine Defendants.

On May 5, 2017, the Court granted the Moving Defendants' Motion to Dismiss Plaintiff's Complaint on the grounds that all of Plaintiff's state law claims are preempted by the Carmack Amendment.

In response, Plaintiff filed a First Amended Complaint ("FAC"), in which he reasserted the previously-dismissed state law claims, added a meritless RICO claim, and added two new parties.

///

///

## II.

## **LEGAL STANDARD**

A 12(b)(6) motion is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In addressing a motion for dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n.2 (9th Cir. 1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

///
///
///
///
///
///

# III.

# DISCUSSION

### A.  All of Plaintiff's non-Carmack claims should be dismissed (again).

The Court has already ruled. All of Plaintiff's state law claims are preempted by the Carmack Amendment. [See, May 5, 2017 Order Granting Motion to Dismiss] Plaintiff disregarded the Court's order and filed a First Amended Complaint reasserting the preempted – and previously-dismissed – state law claims. Indeed, while there are some changes from the original Complaint, the FAC's Fourth, Fifth, and Sixth Causes of Action are nearly identical to the dismissed claims alleged in Plaintiff's original Complaint.

The fact remains that there is only one claim that Plaintiff can assert – a claim under the Carmack Amendment. <u>All other claims are preempted.</u>

The Carmack Amendment, now set forth at 49 U.S.C. Section 14706, was first enacted by Congress in 1906. The amendment was a direct response to the chaotic disparity which resulted from the application of varying state laws to interstate shipping. The Carmack Amendment's purpose was to define the complete parameters of liability for loss and damage to goods transported through interstate commerce and to bring uniform treatment to the interstate system of shipping goods. Within a few years of the Carmack Amendment's passage, the United States Supreme Court addressed the amendment's dual purpose of uniformity and preemptive scope. In the seminal case of *Adams Express Co. v. Croninger,* 226 U.S. 491 (1913), the Supreme Court defined Carmack preemption in the broadest terms:

> Almost every detail of the subject [of interstate common carriers' liability] is covered so completely that there can be no rational doubt but that congress intended to take possession of the subject, and supersede all state regulations with reference to it.

*Id.* at 505-06.

///

Each succeeding decision interpreting the scope of the Carmack Amendment has repeated and expanded upon the principles enunciated in *Adams*, namely the amendment's comprehensive application and the goal in creating uniformity regardless of state laws. *See, e.g., Charleston & Western Carolina Railway Co. v. Varnville Furniture Co.,* 237 U.S. 597, 603 (1915) (state law claims are preempted if they "in any way enlarge the responsibility of the carrier for loss or at all affect the ground of recovery, or the measure of recovery"); *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 535 (1983) (quoting *Louisville & Nashville Ry. Co. v. Rice,* 247 U.S. 201, 203 (1918) ("As to interstate shipments,…the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation")).

The Ninth Circuit has followed the binding precedent set forth above and held that the Carmack Amendment's broad scope completely preempts all state law claims. See, *Hughes Aircraft v. North American Van Lines,* 970 F.2d 609, 613 (9th Cir. 1992) ("[Plaintiff] wisely concede[d] that federal law preempts any state common law action against … a common carrier").

The wide-sweeping scope of the Carmack Amendment was confirmed in *Hall v. North American Van Lines,* 476 F.3d 683 (9th Cir. 2007). In *Hall,* the plaintiff alleged that the interstate carrier refused to deliver the goods identified in the bill of lading. *Id.* at 685-86. The plaintiff filed suit and asserted multiple state law causes of action against the carrier, including claims for breach of contract, fraud and conversion. *Id.* at 686. In expanding a prior decision, the court held:

> Our holding in *Hughes* applies to [plaintiff's] common law fraud and conversion claims, even though [plaintiff's] claims arise from events other than loss or damage to her property. **It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms. It applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery.**

*Id.* at 689-90 (emphasis added) (internal citations omitted).

It is against this vast legal framework that Plaintiff's FAC must be viewed. Given the overwhelming weight of authority, it is clear that <u>all</u> of Plaintiff's claims are preempted by the Carmack Amendment.[1]

In the present matter, as in *Hall*, there can be no doubt that the Carmack Amendment's application to "all manner of harms" preempts all of Plaintiff's claims. The facts alleged in the FAC confirm the applicability of the Carmack Amendment: (1) The Moving Defendants transported Plaintiff's personal property interstate pursuant to a Bill of Lading [FAC, ¶ 2; Exhibit "B" to FAC]; (2) Plaintiff alleges that his personal property was damaged as a result of the Moving Defendants' shipment to California [FAC, ¶ 21]; and (3) the value of Plaintiff's property is alleged to exceed $10,000 [FAC, ¶ 21]. As in *Hall,* all of Plaintiff's claims clearly *stem from and arise* out of the interstate shipment of his property and Plaintiff is clearly seeking recovery for damages allegedly sustained incident to the interstate shipment of his property.

Plaintiff cannot ignore or escape the broad preemptive scope of the Carmack Amendment and the motion to dismiss should be granted.

**B.     The Court should dismiss the First Amended Complaint as to all Defendants, except NAVL.**

Plaintiff has made the confusing choice of collectively referring to some or all of the defendants by a variety of monikers, including "the carrier," "King," "the King defendants," or "the King Group."  [See, e.g., FAC, ¶ 11]  The various names and the resulting confusion are unnecessary.  This should be a simple case – one plaintiff (Mr. Hymes) versus one defendant (North American Van Lines).

---

[1] The Central District of California has had the opportunity on multiple occasions to undertake a thorough analysis of the Carmack Amendment and has repeatedly found that state law claims are expressly preempted. *See, e.g., White v. Mayflower Transit, LLC,* 481 F.Supp.2d 1105, 1109 (C.D.Cal. 2007) (Carmack Amendment preempted the plaintiff's various state law claims, even claims that arose from events not directly related to loss or damage to the property at issue); *Allstate Ins. Co. v. Mayflower Transit, LLC,* 2009 U.S. Dist. LEXIS 31576, at 7 (Carmack Amendment preempts fraud and conversion claims).

Under the Carmack Amendment, motor carriers are responsible for all acts of any of their agents that relate to the transportation services and that are within the actual or apparent authority of the carrier. 49 U.S.C. §13907. As a corollary to that rule, the case law has held that the carrier's agents cannot be held independently liable. See, e.g., W*erner v. Lawrence Transp. Sys., Inc.*, 52 F.Supp.2d 567, 568-69 (E.D.N.C. 1998) (stating, "Not only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract."); *Atlantic & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.,* 750 F.2d 457, 458 (5th Cir. 1985); *Lake City Stevedores, Inc. v. East-West Shipping Agencies, Inc.,* 474 F.2d 1060, 1063 (5th Cir. 1973); *Fox v. Kachina Moving & Storage,* 1998 WL 760268 (N.D.Tex. 1998); *Prince v. United Van Lines,* 1997 WL 53121 (N.D.Tex. 1997).

In this case, the carrier was Defendant North American Van Lines, Inc. ("NAVL"). [See, e.g., FAC, ¶¶ 7, 8, Exhibits "A" and "B"] As such, NAVL – <u>and only NAVL</u> – can be exposed to liability for the damages arising out of the activities alleged in the FAC. The other defendants cannot be held independently liable under the Carmack Amendment. Accordingly, the FAC should be dismissed as to all of the Defendants, except NAVL.

**C.     Plaintiff's meritless RICO claim should be dismissed.**

As an initial matter, Plaintiff's Seventh Cause of Action, for "Civil Violation of Racketeer Influenced Corrupt Organizations Act (18 U.S.C. §1961 *et seq*.)" should be dismissed because it is preempted by the Carmack Amendment. As noted above, the Carmack Amendment is a comprehensive statutory framework that was intended "to codify a uniform system of carrier liability that would provide certainty to both the shipper and carrier by enabling the carrier to assess his risks and predict his potential liability for damages." *Pietro Culotta Grapes v. Southern Pac. Transp. Co.*, 917 F. Supp. 713, 716 (E.D. Cal. 1996). Permitting an aggrieved

shipper to assert a RICO claim "would frustrate the uniformity goal of the Carmack Amendment" and would undermine Congress' intent. *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 379 (2d Cir. 1994) (finding punitive damages preempted by Carmack Amendment); *All World Prof'l Travel Servs. v. Am. Airlines, Inc.*, 282 F. Supp. 2d 1161, 1173 (C.D. Cal. 2003).

In addition, the claim should be dismissed because Plaintiff has failed to properly plead the required facts with sufficient particularly.[2] To state a claim under federal RICO provision 18 U.S.C. § 1962(c), "a plaintiff must allege 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity." *See Goren v. New Vision Intern, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998) (internal quotations omitted). Allegations that simply follow the statutory language are not sufficient. *Id.* Plaintiffs must allege sufficient facts to support each element of a § 1962(c) claim. *Id*.

Here, Plaintiff fails to allege a viable RICO claim because, among other things, the FAC fails to plead sufficient facts to show a pattern of racketeering activity. A pattern of racketeering activity consists, at a minimum, of two predicate acts of racketeering committed within a ten-year time period. 18 U.S.C. § 1961(5). While two acts are necessary to form a pattern, two acts alone generally are not sufficient. *Williams Electronics Games, Inc. v. Barry*, 42 F. Supp.2d 785, 794 (N.D. Ill. 1999) (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 (1989)). In addition to the predicate acts, a plaintiff must show continuity and relationship. *H.J. Inc.*, 492 U.S. at 239.

Continuity is "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241. To establish closed-ended continuity, a plaintiff must allege "a series of related predicates

---

[2] Because Plaintiff's RICO claim alleges predicate acts of mail and wire fraud [see, e.g., FAC ¶ 77], the FAC is subject to the heightened pleading standards of FRCP 9(b).

enduring a substantial period of time." *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992) (internal quotation omitted). However, "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *H.J. Inc.*, 429 U.S. at 242. Moreover, "[a] single scheme which lasts only a short period does not have the requisite continuity, even if there are multiple predicate acts and victims." *Lycan v. Walters*, 904 F. Supp. 884, 902 (S.D. Ind. 1995) (citing *Miller v. Gain Financial, Inc.*, 995 F.2d 706, 709 (7th Cir. 1993)). Open-ended continuity is "a course of criminal activity which lacks the duration and repetition to establish continuity." *Midwest Grinding Co., Inc.*, 976 F.2d at 1023. To establish open-ended continuity, a plaintiff must allege "past conduct which 'by its nature projects into the future with a threat of repetition,'" *id.*, or is "an ongoing entity's regular way of doing business." *H.J. Inc.*, 492 U.S. at 242.

Here, Plaintiff fails to allege a pattern of racketeering activity with the requisite continuity. Plaintiff alleges one instance of wrongdoing by Defendants – allegedly causing damage to a few items of Plaintiff's personal property and then refusing to pay the outrageous amounts that Plaintiff demanded as compensation. There are no facts alleged to show a continuous pattern of similar conduct by Defendants. Plaintiff does not identify any other victims of the alleged "racket" or any other instances in which it occurred. Accordingly, Plaintiff's FAC fails to state a claim under § 1962(c) and should be dismissed.

///
///
///
///
///
///

# IV.

# CONCLUSION

As discussed above, Plaintiff's First Amended Complaint, and each cause of action asserted therein, should be dismissed under FRCP Rule 12(b)(6). If this case is to proceed, it should be one cause of action (Carmack) asserted by one Plaintiff against one Defendant (NAVL).

**PETTIT KOHN INGRASSIA & LUTZ PC**

Dated: June 21, 2017     By:     s/ Matthew C. Smith
                                 Grant D. Waterkotte, Esq.
                                 Matthew C. Smith, Esq.
                                 gwaterkotte@pettitkohn.com
                                 msmith@pettitkohn.com
                                 Attorneys for Defendants
                                 **TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

112-7009

## CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**

was served on this date to counsel of record:

[X] **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ] **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Sidney J. Hymes
16531 Torjian Lane
Huntington Beach, CA  92647
Tel:   (314) 725-7885
**In Pro Per**

Executed on June 21, 2017, at San Diego, California.

_/s/ Sandra K. Lemoine_
Sandra K. Lemoine