Grant D. Waterkotte, Esq., SBN 215007
Matthew C. Smith, Esq., SBN 208650
**PETTIT KOHN INGRASSIA & LUTZ PC**
9841 Airport Boulevard, Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: gwaterkotte@pettitkohn.com
            msmith@pettitkohn.com

Attorneys for Defendants
**TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY J. HYMES,<br><br>  Plaintiff,<br><br>v.<br><br>TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN, KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; DAN DAUBE, individually and dba DAN THE FURNITURE REPAIR MAN AND dba MICHAELS RESTORATIONS; DOES 1-25, inclusive,<br><br>  Defendants. | CASE NO.: 8:17-cv-463-DOC [DFMx]<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**<br><br>**DATE:** July 24, 2017<br>**TIME:** 8:30 a.m.<br><br>Courtroom:  9D<br>District Judge: David O. Carter<br>Magistrate Judge:<br>Douglas F. McCormick<br>Complaint Filed: January 27, 2017<br>Trial Date: |

///

///

///

**I.    All of Plaintiff's Non-Carmack claims are preempted and should be dismissed.**

This Court has previously ruled that <u>all</u> of Plaintiff's claims are preempted by the Carmack Amendment:

> The Carmack Amendment is codified at 49 U.S.C. § 14706. This federal law "preempts any state common law action against [a defendant] acting solely as a common carrier. It is clear that the Carmack Amendment established a uniform national liability policy for interstate carriers." *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (citing *New York, New Haven & Hartford RR Co. v. Nothnagle*, 346 U.S. 128, 131 (1953); *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913)). The Supreme Court has held that under the Carmack Amendment, "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express Co.*, 226 U.S. at 505–06.
>
> More recently, the Ninth Circuit clarified that the "holding in *Hughes* applies to [a plaintiff's] common law fraud and conversion claims, even though [the] claims arise from events other than loss or damage to [the plaintiff's] property. It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689–90 (9th Cir. 2007) (citing *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) (delay); *Georgia, F. & A. Ry. Co. v. Blish Milling*, 241 U.S. 190, 197 (1916) (mistaken delivery); *Adams Express*, 226 U.S. at 505–06 (loss)).
>
> [May 5, 2017 Minute Order Granting Motion to Dismiss, page 5, section III(A)]

The Court's May 5, 2017 Minute Order specifically ruled that the Carmack Amendment preempts and bars Plaintiff's "packing-related claims," as well as his "claims for fraud, improper billing/overcharging, and general negligence." [May 5, 2017 Minute Order Granting Motion to Dismiss, page 6, section III(A)] The Carmack Amendment also encompassed Plaintiff's claim for conversion. [*Id.*] Because of the broad preemptive scope of the Carmack Amendment, the Court granted Defendants' motion and dismissed <u>all</u> of Plaintiff's state law claims.

Ignoring this Order, Plaintiff filed a FAC in which he reasserted the previously-dismissed claims for conversion, breach of contract, bad faith, and unfair business practices. Plaintiff also added a new RICO claim, which is likewise covered by the Carmack Amendment's broad preemptive scope.

This should be a simple case – Plaintiff's sole and exclusive remedy for the alleged wrongs, is a Carmack claim against North American Van Lines ("NAVL"). See, e.g., *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913); *Hughes Aircraft v. North American Van Lines,* 970 F.2d 609, 613 (9th Cir. 1992); *Hall v. North American Van Lines,* 476 F.3d 683, 689-90 (9th Cir. 2007). The motion to dismiss should be granted as to all non-Carmack claims.

**II.     The Court should dismiss the First Amended Complaint as to all Defendants, except NAVL.**

As noted in the moving papers, NAVL is responsible under the Carmack Amendment for the acts of any of its agents; however, the carrier's agents cannot be held independently liable. See, e.g., W*erner v. Lawrence Transp. Sys., Inc.*, 52 F.Supp.2d 567, 568-69 (E.D.N.C. 1998) (stating, "Not only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract."); *Atlantic & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.,* 750 F.2d 457, 458 (5th Cir. 1985); *Lake City Stevedores, Inc. v. East-West Shipping Agencies, Inc.,* 474 F.2d 1060, 1063 (5th Cir. 1973); *Fox v. Kachina Moving & Storage,* 1998 WL 760268 (N.D.Tex. 1998); *Prince v. United Van Lines,* 1997 WL 53121 (N.D.Tex. 1997). Plaintiff does not dispute this case law. Instead, Plaintiff argues that Defendants are not agents of NAVL. Plaintiff's argument in opposition is inconsistent with the allegations in Plaintiff's complaints and the documents attached thereto.

///

///

In the FAC, Plaintiff specifically alleges that the King Defendants acted as an "agent" of NAVL. [See, e.g., FAC, ¶¶ 3, 7] The NAVL Estimate and Order for Service, which Plaintiff attached as Exhibit A to his FAC, specifies that King is the Agent for NAVL. The Bill of Lading, which Plaintiff attached as Exhibit B to his FAC, likewise specifies that King is the Agent for NAVL. Nevertheless, in an effort to maintain claims against the King Defendants, Plaintiff's opposition makes the incredible assertion that "neither King entity disclosed that it was functioning as an agent for any defendant." [Plaintiff's Opposition, page 4, line 23] This is simply not true. The documents attached to Plaintiff's FAC, and the allegations in the FAC itself, clearly identify King as NAVL's agent.

Likewise, the FAC also alleges an agency relationship between NAVL and the other moving Defendants. For example, Plaintiff alleges that NAVL "arranged with Allied and Covan to perform the physical [moving] services not performed by King." [FAC, ¶¶ 7] Plaintiff made similar allegations as to all of the defendants, specifically alleging that each defendant acted in concert with each other defendant. [See, e.g., FAC ¶¶ 5, 6, 7, 8, 11, 13; Complaint, ¶¶ 4, 5, 6, 10, 12, 22, 31] In other words, Plaintiff alleges that Allied, Covan, King, and SIRVA all acted as agents of NAVL for the purposes of this shipment. Plaintiff cannot escape the fundamental facts, or the allegations of his own pleadings. Under the applicable statutory and case law, the FAC should be dismissed as to all defendants, other than NAVL.

### III.    Plaintiff has not adequately alleged a RICO claim.

Plaintiffs' Opposition does not address the core argument raised in the motion to dismiss the RICO claim – i.e., that Plaintiff has failed to allege sufficient facts to support the requisite elements of a civil RICO cause of action. Instead, Plaintiff simply argues that RICO should be read broadly. No matter how broadly one reads the RICO statute, the reality remains that Plaintiff has failed to plead sufficient facts to show a pattern of racketeering activity. The FAC copies the legal elements of a RICO claim, but it does not allege facts showing a pattern of

racketeering activity with the requisite continuity. *See, e.g., Goren v. New Vision Intern, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998) (allegations that simply follow the statutory language are not sufficient; complaint must allege facts). To the contrary, the FAC alleges wrongdoing by Defendants in connection with one shipment. This is not the sort of conduct that RICO was intended to address. As such, the motion to dismiss should be granted as to the Seventh Cause of Action for RICO.

### IV. Defense Counsel's failure to engage in a Rule 7-3 conference with Plaintiff prior to filing was inadvertent and should not impact the Court's ruling on the motion to dismiss.

With the press of other business, defense counsel simply forgot to initiate a pre-filing conference as is required under the Local Rules. This was an oversight on the part of the undersigned, not willful disobedience or an act of bad faith.

The undersigned has put new systems in place to avoid such an oversight in the future. Defense counsel respectfully asks the Court to forgive his oversight and to address the motion on the merits.

**PETTIT KOHN INGRASSIA & LUTZ PC**

Dated: July 17, 2017   By:   s/ Matthew C. Smith
Grant D. Waterkotte, Esq.
Matthew C. Smith, Esq.
gwaterkotte@pettitkohn.com
msmith@pettitkohn.com
Attorneys for Defendants
**TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

112-7009

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**

was served on this date to counsel of record:

[X]   **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]   **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Sidney J. Hymes
16531 Torjian Lane
Huntington Beach, CA  92647
Tel:   (314) 725-7885
**Plaintiff, In Pro Per**

Dan Daube
Dba Dan The Furniture Repair Man
2613 E. 67th Street
Long Beach, CA  90805
Tel:  (203) 241-6867
**Defendant, In Pro Per**

Executed on July 17, 2017, at San Diego, California.

*Sandra K. Lemoine*
Sandra K. Lemoine