Grant D. Waterkotte, Esq., SBN 215007
Matthew C. Smith, Esq., SBN 208650
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
9841 Airport Boulevard, Suite 1100
Los Angeles, CA 90045
Telephone:  (310) 649-5772
Facsimile:  (310) 649-5777
E-mail: gwaterkotte@pettitkohn.com
          msmith@pettitkohn.com

Attorneys for Defendants
**TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY J. HYMES,<br><br>                    Plaintiff,<br><br>v.<br><br>TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN, KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES,INC.; DAN DAUBE, individually and dba DAN THE FURNITURE REPAIR MAN AND dba MICHAELS RESTORATIONS; DOES 1-25, inclusive,<br><br>                    Defendants. | CASE NO. 8:17-cv-463-DOC (DFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**<br><br>**DATE:     October 16, 2017**<br>**TIME:     8:30 a.m.**<br><br>Courtroom:          9D<br>District Judge:     David O. Carter<br>Magistrate Judge:<br>Douglas F. McCormick<br>Complaint Filed: January 27, 2017<br>Trial Date:          Not Set |

112-7009

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    RELEVANT FACTS .......................................................................1

4    II.   STATUS OF PLEADINGS AND SCOPE OF MOTION TO DISMISS........2

5    III.  LEGAL STANDARD ....................................................................2

6    IV.   DISCUSSION ...........................................................................3

7          A.    The SAC fails to allege sufficient facts to support the Seventh Cause
                 of Action for "Civil Violation of Racketeer Influenced Corrupt
8                Organizations Act (18 U.S.C. §1961 *et seq.*).........................................3

9          B.    Plaintiff's RICO claim is preempted by the Carmack Amendment. .....6

10   V.    CONCLUSION ..........................................................................7

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*All World Prof'l Travel Servs. v. Am. Airlines, Inc.*
  282 F. Supp. 2d 1161 (C.D. Cal. 2003) ................................................. 7

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*
  459 U.S. 519 (1983) ....................................................................... 3

*Balisteri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1990) ............................................................ 2

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ....................................................................... 4

*Cahill v. Liberty Mut. Ins. Co.*
  80 F.3d 336 (9th Cir. 1996) ............................................................. 3

*Cleveland v. Beltman N. Am. Co.*
  30 F.3d 373 (2d Cir. 1994) .............................................................. 7

*Goren v. New Vision Intern, Inc.*
  156 F.3d 721 (7th Cir. 1998) ........................................................... 4

*H.J. Inc. v. Northwestern Bell Telephone Co.*
  492 U.S. 229 (1989) ....................................................................... 5

*In re Gilead Sciences Securities Litig.*
  536 F.3d 1049 (9th Cir. 2008) .......................................................... 3

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
  416 F.3d 940 (9th Cir. 2005) ........................................................... 3

*Lycan v. Walters*
  904 F. Supp. 884 (S.D. Ind. 1995) .................................................... 5

*Midwest Grinding Co., Inc. v. Spitz*
  976 F.2d 1016 (7th Cir. 1992) .......................................................... 5

*Miller v. Gain Financial, Inc.*
  995 F.2d 706 (7th Cir. 1993) ........................................................... 5

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ........................................................... 3

*Pietro Culotta Grapes v. Southern Pac. Transp. Co.*
  917 F. Supp. 713 (E.D. Cal. 1996) .................................................... 6

*United States ex rel. Chunie v. Ringrose*
  788 F.2d 638, n.2 (9th Cir. 1986) ..................................................... 3

*Williams Electronics Games, Inc. v. Barry*
  42 F. Supp.2d 785 (N.D. Ill. 1999) ................................................... 5

**Other Authorities**

18 U.S.C. § 1962(c) ......................................................................... 4

1

**Rules**

2

FRCP, Rule 12(b)(6)............................................................................1, 2, 7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

1    Defendants TOD W. KING, individually and dba KING MOVING AND

2  STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND

3  STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE

4  MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA,

5  INC., and SIRVA WORLDWIDE, INC. ("the Moving Defendants") submit this

6  Memorandum of Points and Authorities in Support of their Motion to Dismiss the

7  Seventh Cause of Action for civil RICO, as alleged in the Second Amended

8  Complaint ("SAC") filed by Plaintiff SIDNEY J. HYMES.  Plaintiff's allegations

9  fail to state a claim for relief under Federal Rules of Civil Procedure, Rule 12(b)(6).

10                                    **I.**

11                          **<u>RELEVANT FACTS</u>**

12    On or about January 3, 2016, Plaintiff Sidney J. Hymes engaged the Moving

13  Defendants to move his personal property from Wichita, Kansas to Huntington

14  Beach, CA.  In connection with the move, Plaintiff signed a written Estimate and

15  Order for Service (which is attached as Exhibit "A" to Plaintiff's SAC) and a Bill of

16  Lading (which is attached as Exhibit "B" to Plaintiff's SAC).  Plaintiff now alleges

17  that he was over-charged and that certain items of his personal property were

18  damaged by the Moving Defendants during the shipment.

19    Plaintiff initially filed a Complaint asserting eight causes of action against

20  nine Defendants.

21    On May 5, 2017, the Court granted the Moving Defendants' Motion to

22  Dismiss Plaintiff's Complaint on the grounds that all of Plaintiff's state law claims

23  are preempted by the Carmack Amendment.

24    In response, Plaintiff filed a First Amended Complaint ("FAC"), in which he

25  reasserted the previously-dismissed state law claims, added a meritless RICO claim,

26  and added two new parties.

27  ///

28  ///

1

On July 27, 2017, the Court granted in part and denied in part the Moving Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff filed a Second Amended Complaint ("SAC") alleging two causes of action.

## II.

## STATUS OF PLEADINGS AND SCOPE OF MOTION TO DISMISS

On August 24, 2017, the undersigned counsel conferred with Plaintiff Sydney Hymes by telephone, pursuant to Local Rule 7-3. It was agreed that, subject to the Court's ruling on Plaintiff's pending motion for reconsideration,[1] the Second Amended Complaint contains only two operative claims:

- The First Cause of Action (Carmack Amendment) against the three carrier defendants only (NAVL, Allied, and Covan); and
- The Seventh Cause of Action (RICO).

Plaintiff included the remaining "causes of action" in the SAC to preserve the issues for appeal. [See, August 28, 2017 letter from Sidney J. Hymes to the Court] The instant motion to dismiss attacks only the Seventh Cause of Action for civil RICO. Thus, if the motion is granted, the case will remain pending with a single cause of action against the three carrier defendants only.

## III.

## LEGAL STANDARD

A 12(b)(6) motion is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In addressing a motion for dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can

---

[1] If the Court grants Plaintiff's motion for reconsideration and reinstates the previously-dismissed Second and Third Causes of Action, Defendants request leave to amend their motion to dismiss to include arguments against these claims.

prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n.2 (9th Cir. 1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## IV.

## DISCUSSION

A.     **The SAC fails to allege sufficient facts to support the Seventh Cause of Action for "Civil Violation of Racketeer Influenced Corrupt Organizations Act (18 U.S.C. §1961 et seq.)"**

This should be a fairly straight-forward case. Plaintiff claims that he was over-charged and that some items of personal property were damaged during an interstate move.  However, in his First Amended Complaint, Plaintiff also alleged a RICO claim, seeking treble damages.

On July 27, 2017, the Court dismissed Plaintiff's RICO claim, noting that Plaintiff had failed to sufficiently allege facts showing a long-term pattern of racketeering activity. As the Court noted, a plaintiff must provide "more than labels and conclusions." [July 27, 2017 Order, page 10, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]  In his SAC, Plaintiff asserts several additional

1   pages of "labels and conclusions," but no additional facts.[2]

2        In response to the Court Order that the FAC did not allege sufficient facts

3   showing a pattern of RICO activity, Plaintiff simply added the following

4   conclusory language to the existing allegations:

5          "Plaintiff is informed and believes, and thereon alleges,
       that Defendants NAVL, Allied and the SIRVA entities

6          engage in this unlawful conduct as an ongoing and
       continuing element of their business enterprises, do so

7          knowingly and with the consent and agreement of each
       other, and for the express purpose of circumventing the

8          laws and regulations imposed on them by law."
       [See, e.g., SAC, ¶ 50 (lines 8-12), ¶ 51 (lines 23-28),

9          ¶ 53 (lines 19-24), ¶ 54 (lines 5-10), ¶ 56 (lines 23-28),
       ¶ 57 (lines 15-19), ¶ 58 (lines 5-11), ¶ 59 (lines 17-22)]

10

11       The rote and repeated inclusion of the above-quoted boilerplate language

12  does not cure the fundamental problem with Plaintiff's RICO claim – Plaintiff still

13  does not allege any **<u>facts</u>** showing an ongoing pattern of racketeering activity.

14  Simply alleging a conclusion, on information and belief, does not satisfy the

15  requisite pleading standards. [3]

16       To state a claim under federal RICO provision 18 U.S.C. § 1962(c), "a

17  plaintiff must allege 1) conduct 2) of an enterprise 3) through a pattern 4) of

18  racketeering activity." *See Goren v. New Vision Intern, Inc.*, 156 F.3d 721, 727

19  (7th Cir. 1998) (internal quotations omitted). Allegations that simply follow the

20  statutory language are not sufficient. *Id.* Plaintiffs must specifically allege

21  sufficient facts to support each element of a § 1962(c) claim. *Id.*

22       Here, Plaintiff fails to allege a viable RICO claim because, among other

23  things, the SAC fails to plead sufficient facts to show a pattern of racketeering

24  activity. A pattern of racketeering activity consists, at a minimum, of two predicate

25  _____

26      [2] It is notable that nearly all of Plaintiff's new RICO allegations are stated
"on information and belief." [See, e.g., SAC ¶¶ 44, 47, 50-51, 53-54, 56-59]

27      [3] Because Plaintiff's RICO claim alleges predicate acts of mail and wire

28  fraud [see, e.g., SAC ¶ 58], the SAC is subject to the heightened pleading standards
of FRCP 9(b).

4

acts of racketeering committed within a ten-year time period.  18 U.S.C. § 1961(5).

While two acts are necessary to form a pattern, two acts alone generally are not

sufficient.  *Williams Electronics Games, Inc. v. Barry*, 42 F. Supp.2d 785, 794

(N.D. Ill. 1999) (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229,

237 (1989)).  In addition to the predicate acts, a plaintiff must show continuity and

relationship.  *H.J. Inc.*, 492 U.S. at 239.

Continuity is "both a closed- and open-ended concept, referring either to a

closed period of repeated conduct, or to past conduct that by its nature projects into

the future with a threat of repetition."  *H.J. Inc.*, 492 U.S. at 241.  To establish

closed-ended continuity, a plaintiff must allege "a series of related predicates

enduring a substantial period of time."  *Midwest Grinding Co., Inc. v. Spitz*, 976

F.2d 1016, 1022 (7th Cir. 1992) (internal quotation omitted).  However,

"[p]redicate acts extending over a few weeks or months and threatening no future

criminal conduct do not satisfy this requirement: Congress was concerned in RICO

with long-term criminal conduct."  *H.J. Inc.*, 429 U.S. at 242.  Moreover, "[a]

single scheme which lasts only a short period does not have the requisite continuity,

even if there are multiple predicate acts and victims."  *Lycan v. Walters*, 904 F.

Supp. 884, 902 (S.D. Ind. 1995) (citing *Miller v. Gain Financial, Inc.*, 995 F.2d

706, 709 (7th Cir. 1993)).  Open-ended continuity is "a course of criminal activity

which lacks the duration and repetition to establish continuity."  *Midwest Grinding

Co., Inc.*, 976 F.2d at 1023.  To establish open-ended continuity, a plaintiff must

allege "past conduct which 'by its nature projects into the future with a threat of

repetition,'" *id.*, or is "an ongoing entity's regular way of doing business."  *H.J.

Inc.*, 492 U.S. at 242.

Here, Plaintiff fails to allege a pattern of racketeering activity with the

requisite continuity.  Despite all of the extraneous verbiage, the RICO claim in the

SAC is substantially the same as the dismissed RICO claim from the FAC.

Plaintiff alleges one isolated instance in which he contends that Defendants over-

charged him and damaged some personal property.  That is all.  Plaintiff does not identify any other shippers who were allegedly impacted by Defendants' unlawful conduct.  Plaintiff does not identify the dates or routes of any other shipments that were part of any alleged racketeering activity by Defendants.  There are no facts alleged to show a continuous pattern of similar conduct by Defendants.

If Plaintiff had a genuine RICO claim, at a minimum, he should be able to allege with specificity the dates of the alleged predicate acts, the participants in the alleged predicate acts, and a description of the facts surrounding the alleged predicate acts.  He should also be able to describe how the alleged predicate acts are both "related" and "continuous" within the meaning of *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989) and its progeny, including *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995).  The SAC does not allege these fundamental facts.  Instead, it recites a series of boilerplate conclusions and a request for treble damages.

While Plaintiff's SAC contain more words, it does not allege more facts. Because the SAC does not allege a sufficient factual foundation for civil RICO, the Seventh Cause of Action should be dismissed.

**B.    Plaintiff's RICO claim is preempted by the Carmack Amendment.**

In addition to the foregoing, Plaintiff's Seventh Cause of Action, for civil RICO should also be dismissed because it is preempted by the Carmack Amendment.  As noted in Defendants' two prior motions to dismiss, the Carmack Amendment is a comprehensive statutory framework that was intended "to codify a uniform system of carrier liability that would provide certainty to both the shipper and carrier by enabling the carrier to assess his risks and predict his potential liability for damages."  *Pietro Culotta Grapes v. Southern Pac. Transp. Co.*, 917 F. Supp. 713, 716 (E.D. Cal. 1996).  Permitting an aggrieved shipper to assert a RICO claim "would frustrate the uniformity goal of the Carmack Amendment" and would undermine Congress' intent.  *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 379

6

1   (2d Cir. 1994) (finding punitive damages preempted by Carmack Amendment); *All*

2   *World Prof'l Travel Servs. v. Am. Airlines, Inc.*, 282 F. Supp. 2d 1161, 1173 (C.D.

3   Cal. 2003).

4        There is only one viable claim that Plaintiff can assert – a claim under the

5   Carmack Amendment.

6                                  **V.**

7                            **<u>CONCLUSION</u>**

8        As discussed above, the Seventh Cause of Action as alleged in Plaintiff's

9   Second Amended Complaint should be dismissed under FRCP Rule 12(b)(6).  The

10   case can proceed with one cause of action (Carmack).

11                        **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

12

13

14   Dated: September 8, 2017    By:    <u>s/ Matthew C. Smith</u>

15                               Grant D. Waterkotte, Esq.
                              Matthew C. Smith, Esq.

16                               gwaterkotte@pettitkohn.com
                              msmith@pettitkohn.com

17                               Attorneys for Defendants
                              **TOD W. KING, individually and dba**

18                               **KING MOVING AND STORAGE, dba
                              KING'S NORTH AMERICAN; KING'S**

19                               **MOVING AND STORAGE, INC.;
                              ALLIED VAN LINES, INC.; COVAN**

20                               **WORLD WIDE MOVING,
                              INCORPORATED; NORTH**

21                               **AMERICAN VAN LINES, INC.; SIRVA,
                              INC., and SIRVA WORLDWIDE, INC.**

22

23

24

25

26

27

28

                                     7

MEMO OF P'S AND A'S ISO DEFS' MOT. TO DISMISS PL.'S SECOND AM. COMPLAINT
CASE NO.  8:17-cv-463-DOC (DFMx)

## CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**

was served on this date to counsel of record:

[X]   **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]   **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Sidney J. Hymes
16531 Torjian Lane
Huntington Beach, CA  92647
Tel:   (314) 725-7885
**In Pro Per**

Executed on September 8, 2017**,** at San Diego, California.

Sandra K. Lemoine

112-7009

8