**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0463-DOC (DFMx)                                  Date: September 21, 2017

Title: HYMES V. KING, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER RULE 60(B)(6) [36]**

Before the Court is Plaintiff Sidney J. Hymes's ("Plaintiff) Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Local Rule 7-18 ("Motion") (Dkt. 36). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion.

**I.      Background**

    **A.      Facts**

Given the procedural posture of this Motion, the Court presents the following facts from Plaintiff's First Amended Complaint ("FAC") (Dkt. 19).

On or about January 3, 2016, Plaintiff engaged Defendant Tod W. King, d.b.a. King's Moving and Storage, d.b.a. King's North American, and/or d.b.a. King's Moving and Storage, Inc. ("King") to move Plaintiff's personal property to Huntington Beach,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0463-DOC (DFMx)                          Date: September 21, 2017
                                                                                                                                      Page 2

California. FAC ¶ 2. Plaintiff alleges that King is an agent of Defendant North America Van Lines, Inc. ("NAVL"). *Id*. ¶ 3.

Plaintiff was not informed that Defendants Allied Van Lines, Inc. ("Allied") and Covan World Wide Moving, Inc. ("Covan") would be performing any aspect of the move. *Id.* ¶ 40. However, NAVL, which had contracted through King to perform the move, arranged with Allied and Covan to pack and move Plaintiff's belongings without his permission. *Id.* ¶¶ 7, 82.

King made express representations to Plaintiff that King's personnel were properly trained and fully qualified to pack, load, and move Plaintiff's items, some of which were unique. *Id.* ¶ 81. However, the packing was inadequate, resulting in damages to Plaintiff's property during the move. *Id.* Additionally, the packers were untrained and took days longer than scheduled because they worked only partial days and at varying staff levels. *Id.* ¶¶ 82, 83. Plaintiff was obligated to help with the packing and transportation of his belongings. *Id.*

Plaintiff alleges that many of the boxes that King charged Plaintiff for being packed by King had in fact been packed by Plaintiff, using Plaintiff's materials. *Id.* ¶ 86. Moreover, some of the boxes packed by the Moving Defendants contained other boxes, were empty, or contained "sloppily and unprofessionally" packed items. *Id.*

During the packing process, a trailer bearing Defendant Allied's name arrived, and Plaintiff became aware that NAVL would not be performing the move. *Id.* ¶ 83. The driver of the trailer told Plaintiff that he had never heard of NAVL. *Id.* The individuals who helped load the trailer were employed by either King or Covan. *Id.* The van provided by Allied was inappropriate for the move. *Id.*

Plaintiff alleges that King did not provide Plaintiff with a copy of the applicable tariff rate when he first requested it. *Id*. ¶ 17. The tariff document provided to Plaintiff "long after the move was completed" contained information different from what was contained in the Bill of Lading or in the Estimate and Order for Service. *Id.*

Plaintiff also alleges that King overcharged Plaintiff for the moving services. *Id.* ¶ 82. The Estimate and Order for Service contained errors and misrepresentations which impacted the cost of the move. *Id.* ¶ 42. Upon being provided with notice of such errors, King made no effort to correct them. *Id.*

On or about January 21, 2016, Plaintiff informed King of the damage to his belongings, inaccurate billing, overcharges, and discrepancies in the documents, which King has refused to investigate. *Id.* ¶ 19. King did not provide Plaintiff with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0463-DOC (DFMx)　　　　　　　　　　　　　　　　Date: September 21, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

opportunity to arbitrate his claims regarding the damaged property until long after the move was completed. *Id.*

In addition, King promised in writing to purchase Plaintiff's lawnmower for more than $1,400.00, $600.00 of which was to be credited toward the cost of Plaintiff's move. *Id.* ¶ 48. The lawnmower was removed from Plaintiff's possession using King's vehicle. *Id.* King has refused to either pay for the lawnmower or return it. *Id.* ¶ 49.

Plaintiff alleges that King misrepresented its intentions regarding the moving services to Plaintiff during their email and telephone conversations between July 2015 and early January 2016. *Id.* ¶ 80.

Although King and NAVL had known that the alleged deceptive practices and overcharges would occur, they took no steps to prevent them. *Id.* ¶¶ 82, 87. Further, King and NAVL failed to properly and adequately oversee, supervise, and "administer" their conduct and those of their employees, contractors, affiliates, and/or associates. *Id.* ¶ 87. Plaintiff alleges that these activities are part of a continuing pattern of misconduct which began prior to 2010 and has continued until at least February 27, 2017. *Id.*

Plaintiff also alleges that SIRVA Inc. or SIRVA Worldwide, Inc. ("SIRVA") is not a common carrier and is the parent company of Allied and NAVL. *Id.* ¶ 8. SIRVA provides Allied and NAVL with "administrative, computer, Internet and related support," including independent guarantees and insurance. *Id.* Acting through King, SIRVA sold Plaintiff a guarantee against loss not exceeding $225,000.00. *Id.* ¶ 37. Plaintiff has not been provided with a copy of the insurance policy. *Id.* ¶ 38. SIRVA has neither compensated Plaintiff for losses incurred during the move, nor made any settlement offer. *Id.* ¶¶ 60, 61.

### B.　　Procedural History

Plaintiff brought suit against King, Allied, Covan, NAVL, and Dan Daube in the Superior Court of California, Orange County on January 18, 2017. Notice of Removal (Dkt. 1) Ex. 1 ("Compl.") at 2. The case was removed to federal court on March 15, 2017. *See* Notice of Removal.

In his first Complaint, Plaintiff alleged eight claims, styled as (1) account stated; (2) breach of contract, conversion, and fraud in the inducement; (3) breach of contract, misrepresentation, fraud in the inducement, unfair business practices, and obtaining funds under false pretenses; (4) violation of statutory and regulatory requirements under "Title 49 of the US Code and 49 CFR § 375;" (5) interference with contractual relationship; (6)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0463-DOC (DFMx)                                                       Date: September 21, 2017
                                                                                                                                 Page 4

bad faith by guarantor, and unfair business practices; (7) breach of contract; and (8) damage to personal property. *See* Compl.

On May 5, 2017, the Court dismissed all of Plaintiff claims except Claim 5, which was only against Defendant Daube ("First Order to Dismiss") (Dkt. 17).[1]

On May 30, 2017, Plaintiff filed the FAC. Plaintiff added Defendant SIRVA and Defendant Matt Martell. *See* FAC. Plaintiff alleged: (1) violation of 49 U.S.C. § 14706 (the "Carmack Amendment"); (2) violation of laws and regulations related to tariffs, 49 U.S.C. § 13702 and 49 C.F.R. § 1310.1, *et seq.*; (3) violation of 49 C.F.R. § 375; (4) conversion; (5) breach of contract; (6) bad faith and unfair business practices claim against Defendant SIRVA; and (7) violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq. See id*.

The Moving Defendants filed a motion to dismiss the FAC on June 21, 2017 (Dkt. 24). The Court dismissed Plaintiff's Carmack Amendment claim against King without prejudice, his second and third statutory claims with prejudice, his RICO claim without prejudice, and his state law claims against King, Allied, Covan, and NAVL with prejudice. Order, July 27, 2017 ("Order") (Dkt. 34) at 9.

Plaintiff filed the operative complaint, the SAC, on August 18, 2017 (Dkt. 37). He filed the instant Motion on August 18, 2017. Defendants opposed on August 28, 2017 (Dkt. 40), and Plaintiff replied on September 1, 2017 (Dkt. 41).

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of: (1) mistake, inadvertence surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds:

>(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable

---

[1] In the FAC, Plaintiff has failed to re-allege the only claim that survived the First Order to Dismiss—Plaintiff's claim against Daube for interference with contractual relationship. *See* FAC. That claim is therefore no longer a part of this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. SA CV 17-0463-DOC (DFMx) | Date: September 21, 2017 |
| | Page 5 |

        diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

        Finally, Local Rule 7-18 states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

### III. Discussion

        Plaintiff asks the Court to reverse its ruling on Counts 2 and 3 of his First Amended Complaint. Mot. at 1.[2]

        As an initial matter, Plaintiff relies on the "extraordinary circumstances" prong of Federal Rule of Civil Procedure 60(b). *See* Mot. at 2. The propriety of Plaintiff's motion is the single issue addressed in Defendants' Opposition. As explained below, the Court finds that it committed error in dismissing Plaintiff's two statutory claims (Counts 2 and 3) with prejudice. Thus, in this case, the Court finds it appropriate and necessary to reconsider it Order, and does so below. *See Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263 ("Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust . . . .") (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev' d on other grounds,* 855 F.2d 860 (9th Cir.1988)).

#### A.    Second Cause of Action: Violation of 49 U.S.C. § 13702, 49 C.F.R. § 1310.1

        In his second claim, Plaintiff alleged that the Moving Defendants violated 49 U.S.C. § 13702 and 49 C.F.R. § 1310.1, *et seq*. FAC ¶¶ 23–32. In dismissing these claims with prejudice, the Court noted that it had found "no authority supporting the proposition that [this] statute[] and regulations[]create [a] private cause[] of action against carriers for misconduct associated with their provision of moving services." Order at 9.

        Forty-nine U.S.C. § 13702 imposes various tariff requirements on carriers. *See* 49 U.S.C. § 13702. "A carrier or broker providing transportation or service subject to

---

[2] This citation refers to the actual first page of Plaintiff's Motion, which is not numbered.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0463-DOC (DFMx)                                    Date: September 21, 2017
                                                                                                                     Page 6

jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part." [3] 49 U.S.C. § 14704. Further, such a carrier "is liable to a person for amounts charged *that exceed the applicable rate* for transportation or service contained in a tariff in effect under section 13702." 49 U.S.C. § 14704(b) (emphasis added). A person may file "a civil action under [§ 14704] *subsection (b)* to enforce liability against a carrier or broker providing transportation or service subject to jurisdiction under chapter 135." 49 U.S.C. § 14704(c)(1) (emphasis added). A civil action brought pursuant § 14704(c)(1) to recover overcharges must be filed within eighteen months after the claim accrues, or three years after a complaint is filed with the Surface Transportation Board or Secretary of Transportation. 49 U.S.C. § 14705(b).

      In sum, the Court was mistaken when it found that there was no authority supporting the proposition that 49 U.S.C. § 13702 and 49 C.F.R. § 1310.1 create a private right of action against carriers for misconduct associated with their provision of moving services. Order at 9. On the contrary, assuming Plaintiff is suing to recover overcharges as allowed under 49 U.S.C. § 14704(b), and assuming his civil complaint was filed within eighteen months of the claim accruing, Plaintiff may sue a carrier for violating the tariff requirements imposed by 49 U.S.C. § 13702.

      After a review of Plaintiff's FAC, the Court is unable to determine whether Plaintiff alleged that Defendants overcharged him. Plaintiff alleged that Defendants did not provide him with a copy of the applicable tariff upon request and provided him with contradictory information about the applicable tariff. FAC ¶¶ 17, 19. He also alleged that "[a]s a direct result of defendants' violations of the provisions of 49 U.S.C. § 13702, Plaintiff has been damaged in the approximate sum of $20,726.84." *Id.* ¶ 29. The source of this total is unclear. This is inadequate to plead that Defendants violated § 13702 by overcharging—the only basis for a private right of action under § 14704(c)(1).

      Even assuming Plaintiff's claim was adequately pled, to survive it must not be preempted by the Carmack Amendment. Plaintiff insists that the Court erred in finding that "the injuries alleged in Plaintiff's second and third claims—damage to Plaintiff's property, the amount Plaintiff paid to the Moving Defendants, and benefits owed to Plaintiff under the insurance policy—are covered by the Carmack Amendment." Order at 9 (citing First Order to Dismiss; FAC ¶¶ 29, 35, 38, 41).

      As alleged in the FAC, Plaintiff seeks to recover monetary damages of $20,726.84 under his second claim. *See, e.g.*, FAC ¶ 30. This amount is "separate and distinct from

---

[3] Defendants do not dispute that the relevant Defendants are subject to jurisdiction under Chapter 135.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 17-0463-DOC (DFMx) | Date: September 21, 2017 |
| | Page 7 |

the value of the damages items set forth" under Plaintiff's first cause of action, which alleges overcharges, billing discrepancies, and physical damage to various items. *See id.* ¶¶ 19–21. Although, as noted above, the nature of Plaintiff's injury is unclear, he clearly alleged some injury related to the provision and application of tariffs.

As discussed above, federal law allows Plaintiff to sue to recover overcharges resulting from a violation of 49 U.S.C. § 13702. A review of Defendants' motion to dismiss the FAC, and reply in support of that motion (Dkt. 33), shows that Defendants did not specifically argue that claims under 49 U.S.C. § 13702 are preempted by the Carmack Amendment. In their current Opposition, Defendants fail to substantively oppose Plaintiff's argument on this issue at all.

For the reasons explained above, although the Court erred in its determination that Plaintiff had no cause of action, the claim was properly dismissed because Plaintiff failed to plead facts sufficient to plead a violation of § 13702 based on alleged overcharges— the only basis for a private right of action under § 14704(c)(1). However, the claim should have been dismissed without prejudice, so that Plaintiff had the opportunity to amend and make apparent how his claim fits within the confines of the provisions cited above.

## B. Third Cause of Action: Violation of 49 C.F.R. § 375

In the FAC, Plaintiff's third cause of action sought damages for violations of 49 C.F.R. § 375. *See* FAC ¶¶ 33–45. Forty-nine C.F.R. § 375.901 provides that "[t]he penalty provisions of 49 U.S.C. Chapter 149, Civil and Criminal Penalties apply" to violations of § 375. However, "[n]otwithstanding these civil penalties, nothing in this section shall deprive any holder of a receipt or a bill of lading any remedy or right of action under existing law." *Id.*

Thus, if another federal law or regulation provides it, Plaintiff has a private right of action to sue for violation of the provisions of 49 C.F.R. § 375.

In his FAC, Plaintiff specifically alleged violation of 49 C.F.R. §§ 375.213 (regarding information that must be provided to an individual shipper), 375.303 (imposing requirements on carriers who sell liability insurance), 375.501(a)(6) (requiring the provision of names and addresses of other motor carriers, when known, who will participate in the transportation of the shipment), and 375.505(b)(2) (regarding provision of the aforementioned names and addresses in the bill of lading). FAC ¶ 43.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 17-0463-DOC (DFMx) | Date: September 21, 2017 |
| | Page 8 |

      The rule-making authority for § 375 is provided by 49 U.S.C. §§ 13102 (defining terms), 13301 (describing powers of the Secretary of Transportation), 13501 (describing the Board's jurisdiction), 13704 (allowing carriers to establish rates for transportation based on a binding estimate), 13707 (requiring release of transported property when payment made, with some exceptions), 13902 (describing requirements for registration as a carrier), 14104 (allowing Secretary to set performance standards, imposing requirements for written estimates, and requiring regulation of shipment weighing to be flexible), 14706 (describing liability of carriers under receipts and bills of lading), and 14708 (requiring, for cases concerning the collect-on-delivery transportation of household goods, carriers subject to jurisdiction under Chapter 135 to offer arbitration to shippers; providing for attorney's fees in court actions). *See* 49 C.F.R. § 375 Refs & Annos.

      Section 14706 is the only authorizing statute that appears relevant. That section allows for civil actions to be brought against a delivering carrier or the carrier alleged to have caused the loss or damage. 49 U.S.C. §§ 14706(d)(1)–(2). Thus, upon review, Plaintiff does appear to have "a right of action under existing law." 49 C.F.R. § 375.901.

      Accordingly, the Court was mistaken when it found that there was no authority "supporting the proposition that these statutes and regulations create private causes of action against carriers for misconduct associated with their provision of moving services." Order at 9. Plaintiff's third cause of action should not have been dismissed on this basis.

## IV.   Disposition

      For the foregoing reasons, the Court GRANTS Plaintiff's Motion. Plaintiff may file, **on or before October 16, 2017**, an amended complaint that comports with this Order. That is, Plaintiff may re-allege the second and third causes of action from his FAC.

      Should Plaintiff choose to file an amended complaint, he must amend the allegations of his second claim to make clear—if this, in fact, the case—that he is alleging a violation of § 13702 based on overcharges. Should Plaintiff choose *not* to file an amended complaint, these causes of action will be considered abandoned.

      The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |