Grant D. Waterkotte, Esq., SBN 215007
Matthew C. Smith, Esq., SBN 208650
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
9841 Airport Boulevard, Suite 1100
Los Angeles, CA 90045
Telephone:  (310) 649-5772
Facsimile:  (310) 649-5777
E-mail: gwaterkotte@pettitkohn.com
       msmith@pettitkohn.com

Attorneys for Defendants
**TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY J. HYMES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN, KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; DAN DAUBE, individually and dba DAN THE FURNITURE REPAIR MAN AND dba MICHAELS RESTORATIONS; DOES 1-25, inclusive,<br><br>　　　　　Defendants. | CASE NO.:  8:17-cv-463-DOC [DFMx]<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**<br><br>**DATE:**　October 16, 2017<br>**TIME:**　8:30 a.m.<br><br>Courtroom:　　　　9D<br>District Judge:　　David O. Carter<br>Magistrate Judge:<br>　Douglas F. McCormick<br>Complaint Filed: January 27, 2017<br>Trial Date:　　Not Set |

　　　Defendants TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE

MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC. ("the Moving Defendants"), submit the following reply to Plaintiff SIDNEY J. HYMES's ("Plaintiff") Opposition to the Moving Defendants' Motion to Dismiss the Seventh Cause of Action from the Second Amended Complaint ("SAC") filed by Plaintiff SIDNEY J. HYMES.

## I.

## **ARGUMENT**

As set forth in the Motion to Dismiss, Plaintiff's SAC fails to adequately allege facts sufficient to support the Seventh Cause of Action for RICO. In order to plead a RICO claim, Plaintiff must allege facts showing a pattern of predicate acts, showing "a distinct threat of long-term racketeering activity" or that "the predicate acts . . .are part of an ongoing entity's regular way of doing business." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). Since Plaintiff's RICO claim is grounded in predicate acts of mail and wire fraud, the heightened pleading standards of FRCP 9(b) apply. The SAC does not meet the standards of Rule 8, let alone the more stringent standards of Rule 9.

Here, the SAC does not identify the dates of any other wrongful conduct by Defendants. It does not identify any other customers who were allegedly impacted by Defendants' unlawful conduct. Plaintiff does not identify the individuals who took part in any alleged racketeering activity. The SAC alleges facts in connection with Defendants' 2016 shipment of Plaintiff's property, but there are no facts alleged to show any other instances of wrongdoing, or a continuous pattern of similar conduct by Defendants.

In lieu of factual allegations, Plaintiff asks the Court to take "judicial notice" of lawsuits filed in other districts. As an initial matter, Plaintiff has not met the standards or requirements for a proper request for judicial notice. More importantly, the mere fact that some of these Defendants have been sued in other districts does not show a pattern of racketeering activity. One instance of alleged

1  wrongdoing, plus citations to other lawsuits, does not equal a viable RICO cause of
2  action.
3     In an effort to justify his failure to allege a pattern of predicate acts,
4  Plaintiff's opposition cites to *Just Film, Inc. v. Buono*, 847 F.3d 1108 (9th Cir.
5  2017).  However, the language from that case quoted by Plaintiff relates to the
6  injury element of a RICO claim, not to the number of predicate acts that must be
7  alleged.  It remains that case that a plaintiff asserting a RICO claim must plead facts
8  showing a pattern of racketeering activity.  While the harm suffered by the plaintiff
9  can arise from a single act, the plaintiff must still allege a series of predicate acts to
10 satisfy the RICO requirements.  See, e.g., *Deppe v. Tripp*, 863 F.2d 1356, 1366 (7th
11 Cir. 1988) ("a RICO verdict can be sustained when a pattern of racketeering acts
12 existed, but when only one act caused injury.").  Here, Plaintiff has failed to
13 sufficiently allege facts showing a pattern of racketeering activity.  Aside from
14 Plaintiff's general reference to other lawsuits, the SAC is focused exclusively on
15 the wrongs that Plaintiff claims took place in connection with *his* 2016 move.
16 There are no facts alleged showing wrongdoing by these defendants in any other
17 interstate moves, let alone a pattern of wrongdoing.
18    The SAC states in a conclusory fashion the general legal element – that
19 Defendants engaged in a pattern of wrongful conduct.  But Plaintiff does not allege
20 any *facts*, which if proven, would support the stated conclusion.  While the SAC
21 repeats general, boilerplate assertions of a pattern, the only facts alleged relate to a
22 single incident – Plaintiff's 2016 shipment.  Because Plaintiff has failed to
23 adequately allege the requisite facts, Defendants' motion to be dismiss should be
24 granted.
25    In the alternative, the motion should also be granted out of respect for the
26 broad preemptive scope of the Carmack Amendment.  While there may not be a
27 case directly applying the Carmack Amendment's preemption as to RICO claims,
28 the appellate decisions indicate that the Carmack Amendment is intended to be the

exclusive remedy for aggrieved shippers.  See, e.g., *Adams Express Co. v. Croninger,* 226 U.S. 491, 505-506 (1913).  There is no legitimate basis for Plaintiff to expand upon this well-settled area of jurisprudence with a vague and unsupported RICO claim.

## II.

## CONCLUSION

Plaintiff has twice attempted to allege a viable RICO claim and has twice failed to allege the requisite facts.  Defendants' motion to dismiss the Seventh Cause of Action should be granted without leave to amend.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: October 2, 2017     By:   s/ Matthew C. Smith
                                  Grant D. Waterkotte, Esq.
                                  Matthew C. Smith, Esq.
                                  gwaterkotte@pettitkohn.com
                                  msmith@pettitkohn.com
                                  Attorneys for Defendants
                                  **TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**

was served on this date to counsel of record:

[X]  **BY OVERNIGHT MAIL:** By placing a copy of the same, postage prepaid, and sent to their last known address(es) listed below.

[ ]  **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Sidney J. Hymes
16531 Torjian Lane
Huntington Beach, CA  92647
Tel:   (314) 725-7885
**Plaintiff, In Pro Per**

Dan Daube
Dba Dan The Furniture Repair Man
2613 E. 67th Street
Long Beach, CA  90805
Tel: (203) 241-6867
**Defendant, In Pro Per**

Executed on October 2, 2017, at San Diego, California.

*/s/ Sandra K. Lemoine*
Sandra K. Lemoine