Grant D. Waterkotte, Esq., SBN 215007
Matthew C. Smith, Esq., SBN 208650
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
9841 Airport Boulevard, Suite 1100
Los Angeles, CA 90045
Telephone:  (310) 649-5772
Facsimile:  (310) 649-5777
E-mail: gwaterkotte@pettitkohn.com
        msmith@pettitkohn.com

Attorneys for Defendants
**TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY J. HYMES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN, KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; DAN DAUBE, individually and dba DAN THE FURNITURE REPAIR MAN AND dba MICHAELS RESTORATIONS; DOES 1-25, inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:17-cv-463-DOC (DFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**<br><br>**DATE:**　December 11, 2017<br>**TIME:**　8:30 a.m.<br><br>Courtroom:　　9D<br>District Judge:　David O. Carter<br>Magistrate Judge:<br>　Douglas F. McCormick<br>Complaint Filed: January 27, 2017<br>Trial Date:　　Not Set |

**TABLE OF CONTENTS**

**Page**

I. RELEVANT FACTS ........................................................................................ 1

II. LEGAL STANDARD ..................................................................................... 2

III. DISCUSSION ................................................................................................. 3

    A. The TAC fails to allege sufficient facts to support the Seventh Cause of Action for "Civil Violation of Racketeer Influenced Corrupt Organizations Act (18 U.S.C. §1961 *et seq.*)............................................ 3

    B. Plaintiff's RICO claim is preempted by the Carmack Amendment. ...... 6

IV. CONCLUSION ............................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**Statutes**

*All World Prof'l Travel Servs. v. Am. Airlines, Inc.*
  282 F. Supp. 2d 1161 (C.D. Cal. 2003) ................................................................. 6

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*
  459 U.S. 519 (1983) .............................................................................................. 3

*Balisteri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1990) ................................................................................ 2

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) .............................................................................................. 3

*Cahill v. Liberty Mut. Ins. Co.*
  80 F.3d 336 (9th Cir. 1996) .................................................................................. 2

*Cleveland v. Beltman N. Am. Co.*
  30 F.3d 373 (2d Cir. 1994) ................................................................................... 6

*Goren v. New Vision Intern, Inc.*
  156 F.3d 721 (7th Cir. 1998) ................................................................................ 4

*H.J. Inc. v. Northwestern Bell Telephone Co.*
  492 U.S. 229 (1989) ........................................................................................ 4, 5

*In re Gilead Sciences Securities Litig.*
  536 F.3d 1049 (9th Cir. 2008) .............................................................................. 2

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
  416 F.3d 940 (9th Cir. 2005) ................................................................................ 3

*Lycan v. Walters*
  904 F. Supp. 884 (S.D. Ind. 1995) ....................................................................... 5

*Midwest Grinding Co., Inc. v. Spitz*
  976 F.2d 1016 (7th Cir. 1992) .............................................................................. 5

*Miller v. Gain Financial, Inc.*
  995 F.2d 706 (7th Cir. 1993) ................................................................................ 5

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ................................................................................ 2

*Pietro Culotta Grapes v. Southern Pac. Transp. Co.*
  917 F. Supp. 713 (E.D. Cal. 1996) ....................................................................... 6

*United States ex rel. Chunie v. Ringrose*
  788 F.2d 638, n.2 (9th Cir. 1986) ......................................................................... 2

*Williams Electronics Games, Inc. v. Barry*
  42 F. Supp.2d 785 (N.D. Ill. 1999) ....................................................................... 4

**Other Authorities**
18 U.S.C. § 1962(c) ................................................................................................. 4

**Rules**
FRCP, Rule 12(b)(6) ......................................................................................... 1, 2, 7

Defendants TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC. ("the Moving Defendants") submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the Seventh Cause of Action for civil RICO, as alleged in the Third Amended Complaint ("TAC") filed by Plaintiff SIDNEY J. HYMES. Plaintiff's allegations fail to state a claim for relief under Federal Rules of Civil Procedure, Rule 12(b)(6).

## I.
## RELEVANT FACTS

On or about January 3, 2016, Plaintiff Sidney J. Hymes engaged the Moving Defendants to move his personal property from Wichita, Kansas to Huntington Beach, CA. In connection with the move, Plaintiff signed a written Estimate and Order for Service (which is attached as Exhibit "A" to Plaintiff's SAC) and a Bill of Lading (which is attached as Exhibit "B" to Plaintiff's SAC). Plaintiff now alleges that he was over-charged and that certain items of his personal property were damaged by the Moving Defendants during the shipment.[1]

Plaintiff initially filed a Complaint asserting eight causes of action against nine Defendants.

On May 5, 2017, the Court granted the Moving Defendants' Motion to Dismiss Plaintiff's Complaint on the grounds that all of Plaintiff's state law claims are preempted by the Carmack Amendment.

In response, Plaintiff filed a First Amended Complaint ("FAC"), in which he reasserted the previously-dismissed state law claims, added a meritless RICO claim, and added two new parties.

---

[1] Plaintiff references these exhibits in his TAC but appears to have inadvertently failed to attach them to the TAC.

On July 27, 2017, the Court granted in part and denied in part the Moving Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff filed a Second Amended Complaint ("SAC") alleging two causes of action. Defendants filed a Motion to Dismiss as to the RICO claims only.

On September 21, 2017, the Court granted Plaintiff's Motion for Reconsideration and granted Plaintiff's leave to file a Third Amended Complaint ("TAC"), reasserting the previously-dismissed second and third causes of action.

On October 11, 2017, Plaintiff filed the TAC, which is largely identical to the SAC with the re-addition of the second and third causes of action from the FAC.

On October 12, 2017, the Court issued an order denying Defendants' Motion to Dismiss as moot due to Plaintiff's filing of the TAC. Defendants hereby reassert their Motion to Dismiss as to the seventh cause of action for civil RICO.

## II.

## LEGAL STANDARD

A 12(b)(6) motion is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In addressing a motion for dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n.2 (9th Cir. 1986), and must

not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).  A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## III.
## DISCUSSION

### A. The TAC fails to allege sufficient facts to support the Seventh Cause of Action for "Civil Violation of Racketeer Influenced Corrupt Organizations Act (18 U.S.C. §1961 *et seq.*)"

This should be a fairly straight-forward case.  Plaintiff claims that he was over-charged and that some items of personal property were damaged during an interstate move.   However, in his First Amended Complaint, Plaintiff also alleged a RICO claim, seeking treble damages.

On July 27, 2017, the Court dismissed Plaintiff's RICO claim, noting that Plaintiff had failed to sufficiently allege facts showing a long-term pattern of racketeering activity.  As the Court noted, a plaintiff must provide "more than labels and conclusions." [July 27, 2017 Order, page 10, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]  In his SAC, Plaintiff asserts several additional pages of "labels and conclusions," but no additional facts.[2]

In response to the Court Order that the FAC did not allege sufficient facts showing a pattern of RICO activity, Plaintiff simply added the following conclusory language to the existing allegations:

> "Plaintiff is informed and believes, and thereon alleges, that Defendants NAVL, Allied and the SIRVA entities engage in this unlawful conduct as an ongoing and

---

[2] It is notable that nearly all of Plaintiff's new RICO allegations are stated "on information and belief." [See, e.g., TAC ¶¶ 62, 65, 68-69, 71-72, 74-77.]

>continuing element of their business enterprises, do so knowingly and with the consent and agreement of each other, and for the express purpose of circumventing the laws and regulations imposed on them by law."
>[See, e.g., SAC, ¶ 50 (lines 8-12), ¶ 51 (lines 23-28), ¶ 53 (lines 19-24), ¶ 54 (lines 5-10), ¶ 56 (lines 23-28), ¶ 57 (lines 15-19), ¶ 58 (lines 5-11), ¶ 59 (lines 17-22); TAC, ¶ 68 (lines 13-17), ¶ 69 (lines 1-5), ¶ 71 (lines 23-28), ¶ 72 (lines 7-13), ¶ 74 (lines 25-2), ¶ 76 (lines 6-11), ¶ 77 (lines 17-21).]

The rote and repeated inclusion of the above-quoted boilerplate language does not cure the fundamental problem with Plaintiff's RICO claim – Plaintiff still does not allege any **facts** showing an ongoing pattern of racketeering activity. Simply alleging a conclusion, on information and belief, does not satisfy the requisite pleading standards. [3]

To state a claim under federal RICO provision 18 U.S.C. § 1962(c), "a plaintiff must allege 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity." *See Goren v. New Vision Intern, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998) (internal quotations omitted). Allegations that simply follow the statutory language are not sufficient. *Id.* Plaintiffs must specifically allege sufficient facts to support each element of a § 1962(c) claim. *Id.*

Here, Plaintiff fails to allege a viable RICO claim because, among other things, the TAC fails to plead sufficient facts to show a pattern of racketeering activity. A pattern of racketeering activity consists, at a minimum, of two predicate acts of racketeering committed within a ten-year time period. 18 U.S.C. § 1961(5). While two acts are necessary to form a pattern, two acts alone generally are not sufficient. *Williams Electronics Games, Inc. v. Barry*, 42 F. Supp.2d 785, 794 (N.D. Ill. 1999) (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 (1989)). In addition to the predicate acts, a plaintiff must show continuity and relationship. *H.J. Inc.*, 492 U.S. at 239.

---

[3] Because Plaintiff's RICO claim alleges predicate acts of mail and wire fraud [see, e.g., TAC ¶ 76], the SAC is subject to the heightened pleading standards of FRCP 9(b).

Continuity is "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241.  To establish closed-ended continuity, a plaintiff must allege "a series of related predicates enduring a substantial period of time." *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992) (internal quotation omitted).  However, "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *H.J. Inc.*, 429 U.S. at 242.  Moreover, "[a] single scheme which lasts only a short period does not have the requisite continuity, even if there are multiple predicate acts and victims." *Lycan v. Walters*, 904 F. Supp. 884, 902 (S.D. Ind. 1995) (citing *Miller v. Gain Financial, Inc.*, 995 F.2d 706, 709 (7th Cir. 1993)).  Open-ended continuity is "a course of criminal activity which lacks the duration and repetition to establish continuity." *Midwest Grinding Co., Inc.*, 976 F.2d at 1023.  To establish open-ended continuity, a plaintiff must allege "past conduct which 'by its nature projects into the future with a threat of repetition,'" *id.*, or is "an ongoing entity's regular way of doing business." *H.J. Inc.*, 492 U.S. at 242.

Here, Plaintiff fails to allege a pattern of racketeering activity with the requisite continuity.  Despite all of the extraneous verbiage, the RICO claim in the SAC and TAC is substantially the same as the dismissed RICO claim from the FAC.  Plaintiff alleges one isolated instance in which he contends that Defendants over-charged him and damaged some personal property.  That is all.  Plaintiff does not identify any other shippers who were allegedly impacted by Defendants' unlawful conduct.  Plaintiff does not identify the dates or routes of any other shipments that were part of any alleged racketeering activity by Defendants.  There are no facts alleged to show a continuous pattern of similar conduct by Defendants.
///

If Plaintiff had a genuine RICO claim, at a minimum, he should be able to allege with specificity the dates of the alleged predicate acts, the participants in the alleged predicate acts, and a description of the facts surrounding the alleged predicate acts. He should also be able to describe how the alleged predicate acts are both "related" and "continuous" within the meaning of *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989) and its progeny, including *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995). The SAC does not allege these fundamental facts. Instead, it recites a series of boilerplate conclusions and a request for treble damages.

While Plaintiff's TAC contain more words, it does not allege more facts. Because the TAC does not allege a sufficient factual foundation for civil RICO, the Seventh Cause of Action should be dismissed.

**B.     Plaintiff's RICO claim is preempted by the Carmack Amendment.**

In addition to the foregoing, Plaintiff's Seventh Cause of Action, for civil RICO should also be dismissed because it is preempted by the Carmack Amendment. As noted in Defendants' two prior motions to dismiss, the Carmack Amendment is a comprehensive statutory framework that was intended "to codify a uniform system of carrier liability that would provide certainty to both the shipper and carrier by enabling the carrier to assess his risks and predict his potential liability for damages." *Pietro Culotta Grapes v. Southern Pac. Transp. Co.*, 917 F. Supp. 713, 716 (E.D. Cal. 1996). Permitting an aggrieved shipper to assert a RICO claim "would frustrate the uniformity goal of the Carmack Amendment" and would undermine Congress' intent. *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 379 (2d Cir. 1994) (finding punitive damages preempted by Carmack Amendment); *All World Prof'l Travel Servs. v. Am. Airlines, Inc.*, 282 F. Supp. 2d 1161, 1173 (C.D. Cal. 2003).

///

///

## IV.

## CONCLUSION

As discussed above, the Seventh Cause of Action as alleged in Plaintiff's Third Amended Complaint should be dismissed under FRCP Rule 12(b)(6). The case can proceed with the remaining causes of action.

                    **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: November 1, 2017    By:   s/ Matthew C. Smith
                                                   Grant D. Waterkotte, Esq.
                                                   Matthew C. Smith, Esq.
                                                   gwaterkotte@pettitkohn.com
                                                   msmith@pettitkohn.com
                                                   Attorneys for Defendants
                                                   **TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**

was served on this date to counsel of record:

[X]   **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]   **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

| Sidney J. Hymes<br>16531 Torjian Lane<br>Huntington Beach, CA  92647<br>Tel:   (314) 725-7885<br>**Plaintiff, In Pro Per** | Dan Daube<br>Dba Dan The Furniture Repair Man<br>2613 E. 67th Street<br>Long Beach, CA  90805<br>Tel:  (203) 241-6867<br>**Defendant, In Pro Per** |
|---|---|

Executed on November 1, 2017, at San Diego, California.

*/s/ Sandra K. Lemoine*
Sandra K. Lemoine

---

8

MEMO OF P'S AND A'S ISO DEFS' MOT. TO DISMISS PL.'S THIRD AM. COMPLAINT
CASE NO.  8:17-cv-463-DOC (DFMx)

112-7009