Grant D. Waterkotte, Esq., SBN 215007
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
9841 Airport Boulevard, Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: gwaterkotte@pettitkohn.com

Attorneys for Defendants
**TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY J. HYMES, | CASE NO.: 8:17-cv-00463-DOC- DFM |
| Plaintiff, | |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES** |
| TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN, KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; DAN DAUBE, individually and dba DAN THE FURNITURE REPAIR MAN AND dba MICHAELS RESTORATIONS; DOES 1-25, inclusive, | **Date:** March 6, 2018<br>**Time:** 10:00 a.m.<br>**Courtroom:** 6B<br><br>District Judge: David O. Carter<br>Magistrate Judge: Douglas F. McCormick<br>Complaint Filed: January 27, 2017<br>Trial Date: November 27, 2018 |
| Defendants. | |

Defendants TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC. ("Defendants") submit the following opposition to Plaintiff's Motion to Compel Responses to Interrogatories.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's Motion to Compel further responses by Defendants to Plaintiff's Interrogatories (Set Nos. 2-8) propounded on October 23, 2017 lacks merit. The majority of Plaintiff's propounded Interrogatories were objectionable as compound and also ambiguously called for the identification of certain written information or, in the alternative, a production of documents relating to each Interrogatory. Defendants responded to each of Plaintiff's propounded Interrogatories accordingly and provided documents to Plaintiff, per Plaintiff's instructions within the Interrogatories themselves. Defendants' initial responses thus adequately answered Plaintiff's rather ambiguous Interrogatories.

Nevertheless, Plaintiff's Motion to Compel is also now presently moot due to Defendants' efforts to meet and confer with Plaintiff to better understand what Plaintiff's compound and ambiguously worded Interrogatories were asking for and also by providing supplemental verified responses and additional documents to Plaintiff, in good faith, in response to Plaintiff's Interrogatories. On February 9, 2018, each Defendants' verified supplemental responses and supplemental production of documents were served to Plaintiff. Defendants' supplemental responses go above and beyond to respond to the information requested by Plaintiff. Therefore, Plaintiff's present Motion to Compel must be denied.

## II.

## ARGUMENT

Plaintiff's individually propounded Interrogatories contained language at the end of the majority of such Interrogatories allowing Defendants to "provide true and correct copies of Documents" in lieu of a written response. [Declaration of Matthew C. Smith in Support of Defendants' Opposition to Plaintiff's Motion to Compel Responses to Interrogatories ("Smith Decl.") ¶ 3; see also **EXHIBIT "A"**

to Smith Decl.] Defendants initially responded to each of Plaintiffs' Interrogatories containing such language that a "true and correct copy of the responsive documents are served herewith" to each of Plaintiff's Interrogatories which allowed for documents to be produced in lieu of a written response. [Smith Decl. ¶ 4; see also **EXHIBIT "B"** to Smith Decl.] Therefore, Defendants' responses sufficiently answered Plaintiff's Interrogatories as Plaintiff's Interrogatories on their face explicitly allowed for documents to be provided "in lieu of" a written response.

Further, Defendants' provided substantive information regarding the identification of witnesses to each of Plaintiff's Interrogatories, which called for such information. [See **EXHIBIT "B"** to Smith Decl.] Any contention by Plaintiff that Defendants' failed to respond to such Interrogatories that did not specifically allow for a production of documents in lieu of a provision of substantive information thus lacks merit.

Nevertheless, Defendants, in good faith, have also met and conferred with Plaintiff regarding the additional information Plaintiff is seeking. [Smith Decl. ¶ 5; see also **EXHIBIT "C"** to Smith Decl.] Defendants agreed to provide supplemental responses to each of Plaintiff's Interrogatories based on the clarifications made in the meet and confer process. [Smith Decl. ¶ 5; see also **EXHIBIT "C"** to Smith Decl.]

On February 9, 2018, Defendants served verified supplemental responses to Plaintiff's Interrogatories. [Smith Decl. ¶ 5; see also **EXHIBIT "C"** to Smith Decl.] Plaintiff's motion to compel thus appears to be moot as Plaintiff has now received additional information responsive to Plaintiff's Interrogatories. To the extent any additional information is potentially needed, Defendants have shown they are willing to meet and confer with Plaintiff to provide all such information presently known to Defendants. Defendants are not withholding any information or documents presently known to Defendants by way of any objections stated to Plaintiff's Interrogatories. [Smith Decl. ¶ 6.]

# III.
## CONCLUSION

For the reasons stated herein, Defendants oppose Plaintiff's Motion to Compel.

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated: February 13, 2018

By: s/ Matthew C. Smith
Grant D. Waterkotte, Esq.
Matthew C. Smith, Esq.
Attorneys for Defendants
gwaterkotte@pettitkohn.com
msmith@pettitkohn.com
**TOD W. KING, individually and dba KING MOVING AND STORAGE, dba KING'S NORTH AMERICAN; KING'S MOVING AND STORAGE, INC.; ALLIED VAN LINES, INC.; COVAN WORLD WIDE MOVING, INCORPORATED; NORTH AMERICAN VAN LINES, INC.; SIRVA, INC., and SIRVA WORLDWIDE, INC.**

112-7009

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

was served on this date to counsel of record:

[ ]   **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[X]   **BY OVERNIGHT MAIL:** By placing a copy of the same, postage prepaid, and sent to their last known address(es) listed below.

[X]   **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Sidney J. Hymes
16531 Torjian Lane
Huntington Beach, CA 92647
Tel: (314) 725-7885
**Plaintiff, In Pro Per**

Executed on **February 13, 2018,** at San Diego, California.

_____
Sandra Lemoine